State *v.* Lull.

STATE *versus* LULL.

On the trial of an indictment for larceny from a store, the goods alleged to have been stolen, may be exhibited to the witness, the supposed owner, before he is required to describe the goods he has lost.

And *such witness* may use a schedule prepared by his clerk, under his direction and inspection, by which to refresh his recollection as to the prices of the goods stolen.

No exception can be taken that a *leading question* was allowed to be propounded to a witness; the *form* of the question is solely within the *discretion* of the presiding Judge.

Where evidence is produced tending to show that a *trunk* containing stolen goods is the property of the defendant, and in it are found envelopes of letters directed to him, together with a pardon purporting to come from the governor of another State; such *envelopes* and *pardon* are admissible as evidence to show his connection with the goods found therein.

But when a document is read to a jury for a specific, lawful purpose, which is also evidence of facts not admissible, it is the duty of the Court to instruct them to disregard every other consideration than the one for which it was admitted.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. INDICTMENT.

The defendant was accused of breaking and entering a store and stealing certain goods therefrom in the night time.

Evidence was introduced, tending to show that certain goods produced in a trunk in Court were a portion of those taken from the store; that they were at some time in the possession of the defendant, and that the trunk was his.

The owner of the goods stolen was called as a witness, and the attorney for the State offered to exhibit the goods to him, and to ask him whether they were taken from the store at the time alleged in the indictment.

State *v.* Lull.

It was objected that he should first state what kind of goods were taken, or give some description tending to identify them.

The objection was overruled, and the goods exhibited.

A schedule of the goods, made by the clerk of the witness in his presence, and under his direction and inspection, was then placed in his hands, and it was objected that he should not read from the list of the goods thereon or use the same to refresh his recollection.

This was overruled and the witness read therefrom the prices of the goods, and testified to their correctness.

Another trunk, belonging to witness, containing goods, and also a schedule made as the former one, was also shown to the witness, and he testified, on inspection of the goods and schedule, that a portion of them was taken from his store, against the objections of defendant's counsel.

After the witness had examined the goods in both trunks, and both schedules, the schedule first named was placed in his hands, and he was asked, " do or not the goods in the red trunk, (the one first named,) compare in amount and value with the goods on the bill ?"

To which the defendant's counsel objected as leading and irrelevant, but the objection was overruled.

A similar question was propounded in relation to the second trunk and schedule against the objections of defendant.

In the trunk first named, certain letters were found with the goods alleged to be stolen, the envelopes of which were directed to defendant, and post marked "Manchester, N. H.," also a paper purporting to be a pardon, under the seal of the Commonwealth of Massachusetts, and from the Governor thereof, directed to one of the same name of defendant, which envelopes and pardon were offered and received as evidence, tending to show the defendant's connection with the goods found with them in the trunk, and for that purpose only.

The Judge instructed the jury, that the letters contained

in the envelopes were not to be read by them, and that the superscription and direction of them, and the pardon were to be received by them for the purpose for which they were offered, and for no other; and that they were to determine to what extent they were evidence of the prisoner's connexion with the goods found in the trunk, and alleged to have been stolen by him.

The admission of this evidence was objected to.

The defendant was found guilty, and his counsel excepted.

*Wilkinson,* in support of the exceptions.

*Evans, Att'y Gen., contra.*

CUTTING, J. — *First.* — It is contended, that the witness, the owner of the goods alleged to have been stolen, should first have stated what kind of goods were taken, or given some description tending to identify the same, before the goods were exhibited to him. This proposition assumes, that every merchant or trader must necessarily know, and be able to state from *memory,* the amount and description of every article kept in his store, and in default thereof, to be the proper victim of plunder and robbery. We think that few merchants would subscribe to such a doctrine, or if they did so, that the principal item in their balance sheets might be that of profit and loss; whereas we can readily perceive, and daily experience proves, that a person may identify property as belonging to himself from *inspection,* which otherwise might have escaped his recollection.

*Second.* — Because the witness was permitted to refresh his recollection by, and to read a list of articles from a schedule made by his clerk in his presence, and under his direction and inspection. "It does not seem to be necessary, that the writing should have been so made by the witness himself, nor that it should be an original writing, provided, after inspecting it, he can speak to the facts from his own recollection." 1 Greenl. Ev. § 436. So the witness in this case read a description of the prices of the goods named in the schedule, made under his direction and

inspection, and testified to their correctness; thus both the paper and its use comes within the rule.

*Third.* — Objection is made to the exhibition of the goods to the witness in the presence of the jury, before any evidence was offered to prove that the goods were taken from the store, &c. We can perceive no foundation for the exception; if there be any, it may be classed with the first objection and overruled for the same cause.

*Fourth.* — This is similar to the second, with the additional objection, that the question is leading and irrelevant. As to the former, the Court have had that subject under consideration in other cases and have come to the conclusion that as to the admissibility of such questions, it is a matter within the discretion of the presiding Judge. As to the latter, its relevancy becomes apparent upon the supposition that the witness had identified the goods in the bill with those that had been stolen.

*Fifth.* — The envelopes and paper purporting to be a pardon, *under the instructions* were properly submitted to the jury, as evidence tending to show the defendant's connection with the goods which were found in his trunk. Evidence had previously been introduced tending to show that the trunk, in which the goods had been found, belonged to the defendant; the envelopes and pardon were not only cumulative testimony on that point, but also proved the defendant's knowledge of its contents. It may be argued, it is true, that the pardon might prejudice the minds of the jury, by showing that the defendant had previously been convicted of a felony, and thereby impeach his character, which is presumed to be good until implicated by testimony introduced by the government, which could not be done if the defendant relied solely upon the legal presumption. But it is not unusual for evidence to be introduced, *de bene esse,* and afterwards to be wholly discarded; or for documents to be introduced which might establish two facts, one admissible and the other not. From necessity, then, such documents may be read to the jury, under proper in-

structions by the Court for them wholly to disregard every other consideration than the one for which the paper was admitted, which appears to have been done in this case.

*Exceptions overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.