## DENNIS CRONAN *vs.* AMANDA C. COTTING.

A debtor transferred to the administratrix of the estate of his creditor acceptances of a third person with directions to apply the proceeds, or so much thereof as might be necessary, to discharge his indebtedness to the deceased. The administratrix brought suit on the acceptances in her representative capacity, recovered judgment, and out of the proceeds of the execution applied to the estate of the deceased a sum larger than was actually due from the debtor. *Held,* that she was responsible to the debtor in an action against her individually for the balance so misapplied, as money received by the defendant to the plaintiff's use.

A debtor who had given a sum of money to the administratrix of the estate of his creditor to apply to payment of the balance actually due from him to the intestate so much thereof as might be necessary, sued her individually to recover part of the amount applied by her, on the ground that it was in excess of the actual balance; and in support of his case proved errors in accounts rendered to him by the intestate in his lifetime. The defendant, notwithstanding these errors, relied on admissions of the plaintiff, both before and since the death of the intestate, that he owed such a balance as she applied. The plaintiff, in reply, being admitted without objection to testify as a witness in his own behalf as to matters since the appointment of the administratrix, was asked " when he first discovered what he claimed to be errors in the accounts." *Held,* that the question was competent in form, and not objectionable, under the Gen. Sts. *c.* 131, § 14, on the ground that it related to acts done prior to the appointment of the administratrix.

CONTRACT for money received by the defendant to the plaintiff's use. In the superior court the case was referred to an auditor to hear the parties and state the accounts, whose report showed these facts :

The defendant was administratrix of the estate of her husband, John G. Cotting, between whom, at the time of his decease in 1862, and the plaintiff, there were unsettled accounts

and the plaintiff, shortly after the appointment of the defendant as administratrix, sent to her certain acceptances of Jacob Stanwood, with directions to apply the proceeds thereof, or such part of such proceeds as should be needful for the purpose, to pay whatever balance was actually due from him to the estate of the intestate. The defendant, as administratrix, sued the claims against Stanwood, recovered judgment, and applied so much of the proceeds of the execution as was necessary to pay a balance which she claimed as due to the estate; and the auditor found that the amount thus applied exceeded by $3922.25 the balance actually due.

At the trial, before *Brigham,* J., the report was put in evidence by the plaintiff. The defendant then asked the judge to rule that the plaintiff could not maintain the action against her individually, inasmuch as she sued the claims against Stanwood as administratrix; but the judge ruled otherwise. The trial proceeding, the defendant relied on repeated admissions of the plaintiff, both before and since the death of the intestate, of a balance due from him to the intestate such as she claimed; and contended that certain errors in the accounts which the intestate was in the habit of sending quarterly to the plaintiff, (which errors formed the basis of the auditor's finding,) were so manifest that they must have been observed and corrected between the plaintiff and the deceased in his lifetime; and that such correction must have been made by a payment from the deceased to the plaintiff without taking a receipt, or else such receipt, if ever taken, had been lost or destroyed.

In reply, "the plaintiff was offered as a witness in his own behalf as to matters occurring since the appointment of the defendant as administratrix; and was asked when he first discovered what he claimed to be errors in the accounts. The defendant objected, on the ground that the question embraced a period before the death of the deceased, and was not confined to the limitation contained in the statute in case of such a witness; that he could only testify to acts done and contracts made since the defendant's appointment, and not what he knew or did not know before then. The defendant also objected to the use of the

word 'discover' in the question, as implying or assuming the existence of an error; but admitted that the plaintiff might state any material act or thing which he had seen, or which the defendant had done or said, since her appointment. The judge overruled the objection, and permitted the plaintiff to state that he never discovered the things claimed to be errors in the accounts until in 1864, when his accounts were examined with reference to a settlement with his partner." "The plaintiff was also asked when he first saw and examined the books of the deceased. The defendant objected on the same ground, contending that he could be asked only as to what he had seen, or whether he had seen the books since the defendant's appointment; and not when he first saw them, because the question embraced a time before as well as after said appointment. The judge said that the evidence was competent to explain the plaintiff's conduct and his alleged admissions, and permitted the plaintiff to answer the general question, when he first saw the books; and he answered in substance that he first saw them in 1864."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*A. A. Ranney*, for the defendant.

*J. G. Abbott*, (*B. Dean* with him,) for the plaintiff.

COLT, J. The delivery of the acceptances to the defendant as security for the payment of a debt due or supposed to be due to the estate of her intestate created an obligation binding upon her personally to pay over to the plaintiff the avails thereof not needed to satisfy such indebtedness. The fact that she described herself as administratrix in a suit upon these securities cannot affect the relations of these parties. She could only bind herself in this transaction. She had no power to bind the estate she represented. The balance of the money collected, after paying the debt due from the plaintiff, was not assets of the estate in her hands; and the defendant is not liable for such balance in her representative capacity. This action is accordingly well brought for money received by the defendant to the plaintiff's use. *Ashby* v. *Ashby*, 7 B. & C. 444. 2 Williams on Executors, 1511.

At the trial, the plaintiff was examined, without objection to his competency as a witness, to testify as to matters occurring since the appointment of the defendant as administratrix. And the only objection of the defendant now open to her is, that he was permitted to testify to a fact existing before such appointment, to wit, his want of knowledge of the existence of certain errors in the accounts between himself and the intestate. The defendant relied on acknowledgments made by the plaintiff both before and after the death of the intestate, of the balance claimed to be due from him to the estate. It was competent, if the plaintiff is to be regarded as coming within the terms of the last clause of the proviso in the statute making parties witnesses, for him to deny or explain such admissions made since the appointment of the administratrix. Gen. Sts. *c.* 131, § 14. The weight of any such admission would be entirely taken away, if made in ignorance of an existing error in the account. And this fact the plaintiff may testify to, although it should incidentally impair the effect of admissions made before the death under the same conditions of ignorance. The plaintiff cannot be deprived of the right to explain the latter admissions, because such explanation must necessarily qualify former statements. The form of the question put to the witness in this case seems unobjectionable. It is difficult to frame a question which shall direct the witness to the fact inquired of that will not be equally open to objection. The question when he first discovered what he claimed to be errors in the accounts is not a leading question. *Exceptions overruled.*