STATE v. WHISKEY, ALCOHOL, AND BRANDY.

An officer, by virtue of a warrant which directed him to search in a certain dwelling-house for liquors kept for sale and concealed there, and if found to seize them, on the day the warrant was issued took from a wagon, in which they were being carried to another place of concealment, liquors which, when the warrant was issued, were kept for sale and concealed in said dwelling-house;—*held*, that the seizure was lawful.

In a warrant to search for liquors concealed, it is sufficient to describe them as "certain spirituous and intoxicating liquors, to wit, rum, gin, brandy, whiskey, wine, alcohol, and ale."

LIBEL for the forfeiture of seventy gallons of whiskey, twenty gallons of alcohol, forty gallons of brandy, and four barrels containing the same. William H. Shannon appeared as claimant and filed a plea, to which the solicitor replied, and there was a general demurrer to the replication. The material facts derived from the pleadings are stated in the opinion of the court.

*W. Heywood* and *Aldrich*, solicitor, for the state.

*Crawford* and *Burns & Heywood*, for the claimant.

HIBBARD, J. I. Upon the pleadings in this case we must take the facts to be, that on August 27, 1873, when the warrant was issued by virtue of which the liquors in controversy and the vessels containing

them were seized, said liquors were kept for sale in violation of law, and were concealed in or about the dwelling-house of William Doonan, in Lancaster; and that on the same day, while the officer to whom said warrant was delivered was about to make search in and about Doonan's house as therein directed, said liquors and the vessels containing them were taken from said place of concealment by Melvin Blood, and, while said Blood was conveying the same in a wagon upon the highway to some other place of concealment, the officer, without having made any search upon the premises described in the warrant, seized them and detains them.     Upon this state of facts it is contended on the part of the claimant that the seizure was illegal, and that the liquors and the vessels containing them cannot lawfully be adjudged forfeited.     It is manifest that the purposes of justice as much required that these liquors should be seized while they were on their way to another place of concealment as while they remained concealed in Doonan's house, and if this seizure was illegal, it must be for some technical rather than for any substantial reason.     Keeping for sale in violation of law constitutes the essence of the offence for which a forfeiture of liquors is authorized.     LADD, J., in *State* v. *Rum*, 51 N. H. 375.

By the warrant the officer was directed, by virtue of the Gen. Stats., ch. 237, sec. 1, cl. 4, in the day time, with proper assistants, to enter into the dwelling-house of Doonan, and there diligently search in and about the same, and, by virtue of the Gen. Stats., ch. 99, sec. 23, if he should find the liquors on such search, to take and detain them, and the vessels containing them.     That before he could reach the place in which he was directed to search, the liquors had been removed to a wagon from which they might be lawfully taken by virtue of a warrant to seize without any warrant to search, could not deprive the officer of authority to take them upon a warrant that authorized both seizure and search.     If liquors thus going from one place of concealment to another could not be seized on the way without another warrant, they might be transported from place to place to an unlimited extent, in full view of the officer, being removed from each successive place of concealment before a warrant to search in that particular place could be procured.     The claimant relies on *Commonwealth* v. *Intoxicating Liquors*, 99 Mass. 334, as decisive in his favor; but in that case the officer unlawfully searched for the liquors and found them in a place not properly described in his warrant, while in this there does not appear to have been any unlawful search.

Had these liquors reached a place of concealment in the claimant's dwelling-house, and had the officer made search for them and seized them there instead of in a place where no search was necessary, the constitutional question discussed by his counsel respecting the right of search would have arisen.

II.  In the warrant the liquors are described as " certain spirituous and intoxicating liquors, to wit, rum, gin, brandy, whiskey, wine, alcohol, and ale."  It has been suggested that the description " was not so particular in the warrant that the liquors taken from the wagon of Blood could be

identified." We are of the opinion that the law does not require so particular a description as to enable the officer to identify the liquors wherever they may be. If it did, it is plain that the object of the law would be defeated, as such a description could rarely be given. A general description is sufficient. It is not practicable to give any other. If the liquors seized were not kept for sale and concealed in Doonan's house at the time the warrant was issued, the claimant has not proceeded in the right way to avail himself of that objection.

*Demurrer overruled.*