# THE NATIONAL SYRUP COMPANY
## v.
## ALBERT CARLSON.

*Master and Servant—Negligence of Master—Injury to Servant—Unguarded Elevator Shaft—Contributory Negligence—Evidence—Instructions—Witnesses.*

1. The term " common run of people " does not mean " reasonably prudent men."

2. An employe should use the care ordinarily exercised by reasonably prudent men under similar circumstances, to avoid injury while engaged in a given employment.

3. An instruction telling the jury in effect that the plaintiff was not guilty of negligence upon a given occasion, unless he had actual or constructive notice of the condition of the appliance that caused a given injury, is an invasion of the province of the jury and should not be given. Whether

the plaintiff was at the time exercising ordinary care, is an issue to be passed upon, as much as whether the defendant was guilty of negligence.

4.   While the rule is general that a party will not be allowed directly to discredit his own witness, there is an exception where the witness does not state the facts on the trial, as he stated them on the examination preparatory to trial, and his testimony is unfavorable to the party calling him. Where the party has been deceived by the conduct of his witness, he may interrogate him as to the previous statements for the purpose of refreshing his recollection if he is a forgetful witness, or for the purpose of probing his conscience, and move him to relent and speak the truth, if he be a perverse one.

5.   If the witness denies having made statements previous to the trial, contrary to his statements upon trial, after his attention is called to the time and place of making them, they may then be shown by other witnesses, not for the purpose of being used as substantive evidence, but for the purpose of setting the party right before the jury, and showing that he has been surprised or entrapped.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Winnebago County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. WALKER & EDDY and A. D. EARLY, for appellant.

Where the evidence is conflicting, " it is indispensable that the jury should be instructed accurately." Swan v. People, 98 Ill. 610; Ruff v. Jarrett, 94 Ill. 475; Newerberg et al. v. Gaulter, 4 Ill. App. 348; Volk v. Roche, 70 Ill. 297; T., W. & W. Ry. Co. v. Corn, 71 Ill. 493; Am. Ins. Co. v. Crawford, 89 Ill. 62; Cushman v. Cogswell, 86 Ill. 62; C., B. & Q. Ry. Co. v. Van Patten, 64 Ill. 510; T., W. & W. Ry. Co. v. Moore, 77 Ill. 217; T. W. & W. Ry. Co. v. Grable, 88 Ill. 441; Wabash Ry. Co. v. Henks, 91 Ill. 407; Stratton v. Cent. City Horse Ry. Co., 95 Ill. 25.

The foregoing proposition is especially applicable to suits for personal injuries in which the question of contributory negligence arises and the evidence is conflicting. Stratton v. Cent. City Horse Ry. Co., 95 Ill. 25; C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 162.

And where an instruction omits a material element in controversy, it is fatally defective. Swan v. People, 98 Ill. 610; Ruff v. Jarrett, 94 Ill. 475.

And though the law is correctly stated in an instruction given on behalf of defendant, that will not obviate error in an instruction given for the plaintiff, which is erroneous, for in such a case the jury is left at liberty to follow either instruction, unenlightened as to which one is the law. Ill. Linen Co. v. Hough, 91 Ill. 63; Steinmeyer v. People, 95 Ill. 383; C. & A. R. R. Co. v. Murray, 62 Ill. 326; O., O. & F. R. V. Ry. Co. v. McMath, 4 Ill. App. 356; L., S. & M. S. R. R. Co. v. Elson, 15 Ill. App. 80; P. & P. U. Ry. Co. v. O'Brien, 18 Ill. App. 28.

And where plaintiff's right to recover depends not only upon the fact of negligence in defendant, but also upon degree of defendant's negligence as compared with negligence of deceased, and the evidence is conflicting, plaintiff's instructions should each be correct in itself without reference to others given either on behalf of plaintiff or defendant. In such case an instruction that if the defendant's servants were guilty of negligence the defendant is liable therefor, is erroneous, in not further requiring the jury to consider the degree of injured party's negligence. C. & A. R. R. Co. v. Murray, 62 Ill. 326; C., B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; Ill. Cent. Ry. Co. v. Maffit, 67 Ill. 431; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Morris v. Gleason, 1 Ill. App. 510; T., W. & W. Ry. Co. v. Larmon, 67 Ill. 68; W., St. L. & P. Ry. Co. v. Shacklet, 105 Ill. 364; City of Peoria v. Simpson, 110 Ill. 294.

An instruction which directs the jury to find for the plaintiff, if from the evidence they found the defendant guilty of negligence charged, " without containing the requirement of any degree of care whatever on the part of the deceased," is erroneous. C. & A. R. R. Co. v. Mock, 72 Ill. 141; C., B. & Q. R. R. Co. v. Payne, 49 Ill. 499; C., B. & Q. R. R. Co. v. Lee, 60 Ill. 502; Ill. Cent. Ry. Co. v. Maffet, 67 Ill. 431; C., B. & Q. Ry. Co. v. Harwood, 80 Ill. 88; C. & N. W. Ry. Co. v. Dimick, 96 Ill. 42; C., B. & Q. Ry. Co. v. Lee, 60 Ill. 501; Wabash Ry. Co. v. Henks, 91 Ill. 407; Rolling Mill Co. v. Morrissey, 111 Ill. 646; C. & N. W. Ry. Co. v. Simonson, 54 Ill. 504; P. & P. U. Ry. Co. v. O'Brien, 18 Ill. App. 28.

Parties have the right to have the law applicable to their case fully, fairly and correctly given to the jury; and when the court misdirects them in one series of instructions, we must reverse, although the other series of instructions may announce correct rules, if we can see that the erroneous instructions may have misled the jury. Baldwin v. Killian, 63 Ill. 550.

Ordinary care is not that "degree of ordinary care" usually exercised "by the common run of people," etc. L. S. & M. S. Ry. Co. v. Brown, 123 Ill. 162, 174; C., St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587, 595; M., St. L. & P. Ry. Co. v. Wallace, 110 Ill. 114; City of Bloomington v. Perdue, 99 Ill. 329, 333; Wabash Ry. Co. v. Elliott, 98 Ill. 465, 481; C., B. & Q. Ry. Co. v. Johnson, 103 Ill. 512, 521; L. S. & M. S. Ry. Co. v. Brown, 123 Ill. 162, 174; Chicago v. Hickok, 16 Ill. App. 142, 144; C., B. & Q. Ry. Co. v. Rogers, 17 Ill. App. 638.

Mr. CHARLES A. WORKS, for appellee.

It is the duty of the master to provide safe appliances for its servants, and a safe place to work, and to keep the same in repair. If a corporation, which of necessity can act only through its officers or agents, employs agents in discharging such duty, the negligence of such agents is the negligence of the corporation. In such case the doctrine of fellow-servants does not apply. Bishop's Non-Contract Law, Sec. 647; Cooley on Torts (1st edition), page 561; 14 Amer. & Eng. Encyc. of Law, 894 and 895 and cases cited; N. P. R. R. Co. v. Herbert, 116 U. S. 642; C. & N. W. Ry. Co. v. Swett, 45 Ill. 197; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; T. P. & W. Ry. Co. v. Conroy, 68 Ill. 560; T. & W. W. Ry. Co. v. Ingraham, 77 Ill. 309.

Allowing machinery to remain out of repair when its condition is brought to an employer's notice, or by proper inspection might be known, is culpable negligence. North Pac. R. Co. v. Herbert, 116 U. S. 642; Beeson v. Green Mt., etc., Min. Co., 57 Cal. 32; Leahy v. South Pac. R. R. Co., 65 Cal. 150.

Notice to superintendent of company of unsafe condition of premises is notice to company. Quincy Coal Co. v. Hood, 77 Ill. 68.

For company not to furnish light sufficient to enable servant to see to do his work is negligence. C. & N. W. Ry. Co. v. Taylor, 69 Ill. 461.

The court says: "We can come to no other conclusion than this, that it was negligence in the company in not providing sufficient light on these cars. There can scarcely be a doubt, had there been a light on the front car and a brake in working order, this accident would not have happened."

Servants have a right to assume that the master will perform his duty in furnishing safe appliances and keeping them in repair. Kane v. Smith, 89 N. Y. 375; Muldowney v. Ill. Cent. Ry. Co., 36 Iowa, 471; Ill. Cent. Ry. Co. v. Welch, 52 Ill. 186; Perry v. Ricketts, 55 Ill. 234; Cook v. St. Paul, etc., R. R. Co., 34 Minn. 45; U. S. Rolling Stock Co. v. Wilder, 116 Ill. 100.

HARKER, J. This was an action in case by appellee against the appellant for personal injuries sustained by falling down an elevator shaftway in the factory of appellant. There was a verdict for appellee, and a judgment on the verdict for $5,000.

It appears from the record that appellant operates an extensive glucose factory at Rockford, Illinois, employing a large number of hands and working by day and by night. The appellee was in its employ, working upon the night shift. His duties required him to be on the second, third and fourth floors of what was known as the main building. Shortly before nine o'clock on Sunday evening, December 8, 1889, he entered the building for the purpose of going upon duty. The machinery was not running at the time and the building was dark. Appellee, finding the doors open, entered, however, and made his way to the third floor, being directed, as he says, by a man on that floor to make a change of his clothing. There were two sets of stairs leading from one floor to another throughout the building, one on the extreme north side, and

the other on the extreme south side.  The south set of stairs was near the east end of the building, and the north set about the middle.  In going from the third floor to the fourth floor appellee could have used either stairway.  At the time he received his orders he was standing near the south stairway; but instead of going by that way he started across the room to go to the north stairway, which course took him by an elevator opening used for transporting freight.  There was a railing around the opening used as a guard, which was removed whenever necessary in case of elevating or lowering cumbersome freight.  For that purpose the railing had been removed a day or two before, and had not been replaced.  The room was large, the floor was dark, there being but one dim light, and the appellee did not, when he started across the floor, provide himself with a light.  While groping along in the dark, endeavoring to lay his hand upon the railing, he fell through the opening and sustained very serious and doubtless permanent injuries.  The negligence of the appellant on which a recovery was sought was in leaving the elevator shaftway without a guard or railing at the time of the accident, and the failure to furnish and provide proper light on the third floor above the elevator shaftway.  The leading defense in the case was that the appellee was not in the exercise of ordinary care at the time of the accident, but was himself guilty of negligence in attempting to reach the north stairway without a light when the floor was dark, and when he knew that the guard or railing was frequently removed from about the elevator opening in the transportation of heavy freight, and was allowed to remain in that condition for a day, and sometimes more, at a time.

We do not care to express an opinion upon the merits of the case as it will be submitted to another jury.

As the chief contest was upon the question of appellee's own negligence, it was highly important that the jury should be properly instructed on this branch of the case.  Among the instructions given for appellee was the following:

" The ordinary care which the law required of plaintiff, *was that care usually exercised by the common run of people*

under similar circumstances and surroundings, and if you believe from the evidence that plaintiff in the act of going where he did, and in the manner of his going, was in the exercise of such *degree of ordinary care*, it will be your duty to find that he was not guilty of negligence in the premises."

The care required of plaintiff was the care usually exercised by reasonably prudent men under similar circumstances. This is the test so frequently held by our Supreme Court and the courts of last resort in other States that a citation of authorities is hardly necessary. The expression, "the common run of people," does not mean reasonably prudent men. It is entirely too inclusive. The "common run of people" takes in not only the reasonably prudent but possibly the ignorant and careless. Such an instruction is vague, and allowed the jury to speculate as to what heedless and reckless people might have done under the circumstances. The evident effect of such an instruction would be to lower the standard of ordinary care. It could not have been more vicious if it had said the care required of the plaintiff was such as is usually exercised by a man. The test is reasonable prudence. C., B. & Q. R. R. Co. v. Lee, 58 Ill. 580; City of Bloomington v. Perdue, 99 Ill. 329; C., St. L. & P. R. R. Co. v. Hutchinson, 120 Ill. 587; L. S. & M. S. R. R. Co. v. Browne, 123 Ill. 174.

At the instance of appellee the court gave the following instruction: "If you believe from the evidence that the defendant was guilty of negligence as charged in the declaration, then the court instructs you that it was not the duty of plaintiff, in the absence of notice thereof, direct or constructive, to infer or assume that defendant was guilty of such negligence, *and that it was not negligence upon the part of* the plaintiff, without notice as aforesaid, to pursue and perform his duties relying upon the supposition that defendant had performed its duty toward him, if you believe from the evidence that he did so pursue his duties under such reliance."

This instruction invaded the province of the jury. It told them in effect that the plaintiff was not guilty of negligence on the occasion of the injury unless he had actual or constructive notice of the condition of the guards about the

elevator shaft-way.   Whether the plaintiff was at the time exercising ordinary care was an issue to be passed upon, as much as whether the defendant was guilty of negligence.   The instruction was clearly misleading.   By it the jury could easily be led into the idea that if the defendant had removed the *guard* rails from around the elevator shaft-way and had neglected to give the plaintiff notice, or he had not constructive notice of its condition, they could return a verdict for the plaintiff regardless of whether he was himself guilty of negligence in passing by the opening in the dark and without a light.

Appellant assigns for error the refusal of the court to allow its counsel to cross-examine a certain witness, Christopher Hade, introduced by appellant, upon the belief that his testimony would be favorable to the defense, and show that he had made oral and written statements wholly different from those made upon the trial.   This witness was present at the time of the accident, and gave the order which led to it. Before the trial, he was interviewed in behalf of the appellant, and gave a written account of the accident entirely different from that given from the witness stand.   Upon the strength of that, and oral statements made to its counsel, appellant introduced him as a witness.   His testimony was the strongest of any given for appellee.   Upon the ground that they had been taken by surprise and deceived, counsel attempted to show by the witness himself that he had made statements to them before the trial contrary to his testimony. The court sustained an objection, and held that by placing Hade on the stand appellant had vouched for his credit as a witness and would not be allowed to lay the foundation for his impeachment by the asking of such questions.   In such ruling the court erred.

While the rule is general that a party will not be allowed directly to discredit his own witness, there is an exception where the witness does not state the facts on the trial, as he stated them on the examination preparatory to trial, and his testimony is unfavorable to the party calling him.   In such a case if the party has been deceived by the conduct of his witness, he may interrogate him as to the previous statements,

for the purpose of refreshing his recollection, if he is a forgetful witness, or for the purpose of probing his conscience, and move him to relent and speak the truth, if he be a perverse one.  If the witness denies the previous contradictory statements, after his attention being called specifically to the time and place of making them, then they may be shown by other witnesses; not for the purpose of being used as substantive evidence, but for the purpose of setting the party right before the jury, and showing that he has been surprised or entrapped.

We are not advised that this precise question has ever been before our Supreme Court.  We are aware, also, that the holdings are not uniform in courts of last resort in those States where the question has been considered.  But our view is supported by the weight of authority, and certainly by reason and fairness.  Such a course is necessary as a security against the contrivance of an artful witness, who otherwise might recommend himself to a party by promise of favorable evidence and afterward, by hostile evidence, ruin his cause.  1 Greenleaf's Evidence, Sec. 444; Best on Evidence, Sec. 645; 1 Thompson on Trials, Sec. 512; State v. Lull, 37 Me. 246; Cronan v. Cotting, 99 Mass. 334; Bullard v. Pearsall, 53 N. Y. 230.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*