MARY O. McPHELEMY *vs.* ELERY J. McPHELEMY.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

It is no objection to the admissibility of depositions which attack the reputation of a witness for truth and veracity, that the adverse party was not notified, before they were taken, of the nature or kind of evidence the deponents would be called upon to give.

The plaintiff, claiming to be the wife of the defendant, sued him for support, and testified that they were married in 1884. *Held* that she might properly be asked on cross-examination whether he had ever contributed anything for her support since the date of her alleged marriage.

The fact that a record book does not contain an entry of a given kind may be shown by the oral testimony of one who has examined the record.

Submitted on briefs June 6th—decided July 14th, 1905.

ACTION to compel the defendant, the alleged husband of the plaintiff, to support her, brought to the Superior Court in Fairfield County and tried to the court, *Ralph Wheeler, J. ;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Charles W. Murphy* and *Richard H. Tyner,* for the appellant (plaintiff).

McPhelemy *v.* McPhelemy.

*Eugene C. Dempsey,* for the appellee (defendant).

TORRANCE, C. J. The complaint alleges that the plaintiff is the wife of the defendant; and unless that is true she cannot recover in this action. General Statutes, § 2499. From the evidence in the case the trial court has found that she is not the wife of the defendant, and no claim is made in this court that the evidence did not fully warrant the court in so finding. The only claim made upon this appeal is that the trial court erred in certain rulings upon evidence; and unless one or more of the alleged errors necessitate the granting of a new trial, the judgment appealed from must stand.

The reasons of appeal are fifteen in number, and such of them as merit discussion will now be considered. The defendant offered in evidence the depositions of sundry witnesses, residents of Brewster, New York, for the purpose of attacking the reputation for truth and veracity of a witness for the plaintiff who had testified in the case. The plaintiff had been duly notified, as required by law, that the depositions would be taken, and at the taking of them was present by counsel; but she objected to their admission in evidence on the sole ground that she had not been informed before the taking of the depositions that the deponents would give such evidence as they did give.

The court did not err in overruling this objection. Our statute (§ 679) provides that, before depositions are taken, reasonable notice shall be given to the adverse party " to be present at the time of taking such deposition." This, in substance, has been the language of our statute upon this subject for more than two centuries. Rev. 1808, p. 684, Title 174, Chap. 1. The purpose of the statutory notice is undoubtedly to give the adverse party a fair opportunity to cross-examine the deponents ; *Sharp* v. *Lockwood,* 12 Conn. 155, 158 ; and we know of no law or practice, in this State or elsewhere, requiring notice to be given of the nature or kind of evidence which the deponents will be called upon to give.

The plaintiff having testified in chief that she was married to the defendant in April, 1884, was asked on cross-examination whether since the time of the marriage the defendant had ever contributed anything for her support. The plaintiff objected to the question, on the ground that the conduct of the defendant towards her since the claimed marriage had no bearing upon the question whether they had been married, as testified to by her.

The question was a legitimate one on cross-examination, and the objection to it was properly overruled. It does not appear that the question was answered, nor if so, what the answer was.

The testimony for the plaintiff was to the effect that she was married to the defendant at Brewster, New York, by Father Healy, now deceased, but then a priest of the Catholic Church at Brewster. Richard J. Burns, a priest of the Catholic Church, was one of the successors of Father Healy in the office of priest of the church and parish at Brewster, and as such had the care and custody of the record book of marriages in that parish kept by Father Healy between 1870 and 1889 and including the year 1884. The defendant offered in evidence two depositions of Father Burns, taken to be used in this case, one in March, 1903, and the other in November of that year. In the March deposition he testified, in substance, that he was the custodian of the record book of marriages kept by Father Healy as priest of the parish, that the deponent had carefully examined said record to see if it contained any entry of the marriage of the plaintiff and the defendant, and that it contained no such entry. When he so testified the said record book was not before the magistrate taking the deposition, nor had the plaintiff any opportunity to examine the same there, nor to cross-examine the deponent thereon, and the deponent refused to produce said book before said magistrate. Subsequently, in November, 1903, Father Burns gave the other deposition, at the taking of which he produced before the magistrate said record book, and was examined and cross-examined with reference to it in full. In said deposition he testified, in

substance, as he had in the March deposition, that he had examined the said record book of marriages carefully and that it contained no entry of the marriage of the plaintiff and the defendant in 1884. The plaintiff objected to the admission of the depositions mainly on two grounds: (1) because the record book was not produced when the first deposition was taken; and (2) because the deponent, in being allowed to testify as to what the record book did not contain, was permitted to testify orally to the contents of a writing. The court overruled the objections and admitted both depositions.

The objections are without merit. As to the first, the November deposition is substantially a duplicate of the March deposition, and renders the latter superfluous; and clearly the admission of the March deposition did the plaintiff no harm. As to the second objection the ruling was correct. The fact that a record book does not contain an entry of a given kind may be shown by the oral testimony of one who has examined the record. *Handy* v. *Smith*, 77 Conn. 165, 167; *People* v. *Eppinger*, 105 Cal. 36; *Commonwealth* v. *Best*, 180 Mass. 492; 2 Wigm. on Ev., § 1244.

George A. Peck is the town clerk of the town in which Brewster is situated, and as such had the records of marriages and deaths in that town in his custody. The law of New York required such records to be kept. The defendant took Peck's deposition to be used in this case, and at the time and place where it was taken Peck produced the records of marriages and deaths in said town for the year 1884, and was examined and cross-examined with reference to them. In his deposition Peck testified, in substance, that he had examined the record of marriages for the year 1884, and that it contained no entry of the marriage of the plaintiff and the defendant. He also testified, in substance, that he had examined the record of deaths for the year 1884, and that it did not contain a certain death entry about which the defendant inquired and had the right to inquire. When the defendant offered Peck's deposition in evidence as to these two matters, the plaintiff objected to its admission on

the ground taken in the second objection to the admission of the deposition of Burns. For reasons already given the objections were properly overruled.

From a careful examination of all the depositions which are in effect made a part of the record, we think the other reasons of appeal do not merit consideration.

There is no error.

In this opinion the other judges concurred.