SANDERS v. ST. LOUIS SOUTHWEST-
ERN RY. CO. OF TEXAS.

(Court of Civil Appeals of Texas.    March 4,
1911.)

1. EVIDENCE (§ 157*)—BEST EVIDENCE—AB-
SENCE OF FACT FROM RECORD.

Evidence by a witness who had examined
a record that a certain fact was not there re-
corded is not inadmissible on the ground that
the record is the best evidence.

[Ed. Note.—For other cases, see Evidence,
Cent. Dig. § 462; Dec. Dig. § 157.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS
ERROR—ADMISSION OF EVIDENCE.

Erroneous admission of evidence over ob-
jection is harmless, where similar evidence is
received from other witnesses without objection.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4153–4160; Dec. Dig. §
1050.*]

3. TRIAL (§ 256*)—INJURY TO SERVANT—IN-
STRUCTIONS.

In an action for injuries to a railroad em-
ployé from a defective stirrup on a freight car,
the court charged that, if the company had
competent car inspectors and they had prior to
the time of the injury inspected the cars, in-
cluding the one on which plaintiff was injured,
in such manner as car inspectors of ordinary
prudence would have done under the circum-
stances, and failed to find the defective con-
dition of the stirrup, then the finding should be
for defendant. *Held*, that the charge was not
erroneous for failing to require that such in-
spection should have been within a reasonable
time before the accident, in the absence of a
request for a more specific charge.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 628–641; Dec. Dig. § 256.*]

4. TRIAL (§ 228*)—INSTRUCTIONS—FORM AND
REQUISITES.

Where the court might properly have in-
cluded three separate facts, each of which
would warrant a verdict for the defense, in one
instruction and have charged that a finding of
either would call for a verdict for defendant,
the fact that each was made the basis of a
separate instruction is not error.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 509–512; Dec. Dig. § 228.*]

Appeal from District Court, Hunt County;
T. D. Montrose, Judge.

Action by A. A. Sanders against the St.
Louis Southwestern Railway Company of
Texas. From a judgment for defendant,
plaintiff appeals. Affirmed.

Sherrill, Mulkey & Hamilton, for appel-
lant. E. B. Perkins and B. F. Crosby, for
appellee.

RAINEY, C. J. Appellant sued the appel-
lee to recover for personal injuries occasion-
ed through the negligence of appellee in fail-
ing to keep a stirrup attached to a freight
car properly fastened, by which appellant
was injured while in the discharge of his du-
ties as employé of appellee. Appellee plead-
ed the general issue, and specially that if
plaintiff was injured such injury was trivial,
and that he failed to treat and care for
same, and that said injury was aggravated
by plaintiff's neglect of same, etc. A trial

resulted in a verdict and judgment for the
appellee, and appellant appeals.

On the trial the appellant testified as fol-
lows: That he lived at Commerce, Tex., and
"was working for the St. Louis Southwest-
ern Railway Company of Texas in its yards
at Commerce as yard director. My duties
were to look after the yards and make up
trains when there was an order. What I
mean by making up the trains is to shift the
cars from one track to another, and make
them up and put them into a train to turn
over to the conductor, and the conductor
takes the train out of town to its destina-
tion. My duties were to direct the move-
ment of those cars, in order to make up the
train, and do everything necessary in mak-
ing up a train; get on and ride the cars
and get the numbers of the cars when nec-
essary. In climbing upon the cars to ride
them, I would catch hold of the ladder and
step up on the stirrup—the car has a stirrup
on each corner underneath; the stirrup is
placed there to support the foot, in order
to get up on this ladder, and the ladder is
made of what we call 'grabirons'; we use
the 'grabirons' to hold to. You put your
foot in the stirrup when you go to get on
the car—grab the ladder, and put your foot
in the stirrup at the same time. At the time
I was yard director there, I was also deputy
city marshal. At the time I was hurt, I was
making this train up, and started from one
track to another with, I think, five or six
cars, and when they started ahead I was
thinking I didn't have enough cars and look-
ed at the list; so I went to get on a car and
ride up to the switch, and be sure that I
did have enough, and see if the numbers
were all right. And when I went to get on
the car, I grabbed hold of this ladder and
went to jump on the cars as I usually did.
The stirrup being loose, my foot slipped
through and scraped one side of my shin
bone. That stirrup was loose; by being
loose I mean there was lost motion in the
bolts. The reason I know it was loose, after
I hurt myself I kicked it, and seen that it
was; my foot went right through the stir-
rup; my foot remained in through that stir-
rup long enough for me to pull myself out
by the handholds. I guess I had gone a car's
length before I jumped off the car; went
about a car's length with my foot through
the stirrup, and by that time I got out and
stepped on the ground. I just kicked at the
stirrup, it made me so mad, and I swore at
it; and it was by that means I discovered
it was loose. I made some examination of
my leg; that is, I looked at it, and found
about three or four inches of skin knocked
off, right here [indicating] on the shin bone;
and I put my pants down and went on mak-
ing up the train and never bothered it any
more until the next morning, and put some
vaseline on it. That place has healed over,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

but it has not been entirely well from that time until now; the first hurt was right on this edge of the bone, here [indicating]. This accident occurred about the latter part of February last year, and I continued to work on this leg there in the yards until the 22d day of May. Since that time, about three months, I had a restaurant in Mt. Pleasant, and sold it. I have worked some as deputy sheriff at Mt. Pleasant since then; I run the restaurant for about three months, or nearly three months. My leg does not hurt me to walk on it, unless I walk all day, and then it hurts me so bad I have to quit, and I cannot stand on it all day. Dr. Broadstreet has treated my leg off and on since May; he lives at Mt. Pleasant."

On the trial, after the witness Self, a car inspector's helper, had testified that his foreman had kept a record of the conditions of the cars inspected by them during the month of February, 1909, and that he had been present and saw said foreman examine said record, and was looking at said record himself at the same time, defendant's counsel then asked him, "Did you find, or are you able to say now, after looking over the record, whether or not any stirrup was out of order on that car that you inspected along through February of last year?"—which he answered as follows: "Why, at the first of the month, there was not. I failed to find all through the month—but along through the month I failed to find any record of any stirrup being out of order." Appellant objected to said testimony on the ground that the record itself was the best evidence. There was no error in admitting the evidence. It was of a negative character, and under the circumstances parol evidence is admissible as primary proof. 17 Cyc. 499. Again, like proof by other witnesses was introduced without objection, and if the admission of the testimony complained of was error its admission was harmless.

The second assignment of error complains of the giving of defendant's special charge No. 2, which reads as follows: "If you believe from the evidence that plaintiff was injured, and that he was injured at the time and place and in the manner alleged in the petition, yet if you further believe from the evidence that at the time and before such injuries were received the defendant had and kept in its yards at Commerce competent car inspectors to inspect the cars at Commerce, and that such car inspectors had, prior to the time of the alleged injury, inspected the cars then in defendant's yards at Commerce, including the car upon which the plaintiff was injured, if he was injured, in such manner and way as car inspectors of ordinary prudence would have inspected the same under the circumstances, and failed to discover the defective condition of the stirrup, if it was defective, then and in that event you will find for the defendant." The criticism of said charge is that the court told the jury that if the inspection was made "prior to the time of the alleged injury," etc., without limiting the inspection to a reasonable time immediately before the accident. The evidence fails to show the exact date the accident happened. Appellant did not remember, but thought it was near the middle of February, 1909. There was testimony relating to inspection from the first until the middle of said month, and all the evidence on this branch of the inquiry was in regard to this accident. The court confined the inquiry to the time of such inspection as ordinarily prudent persons would have made under the circumstances, and he left it to the jury to determine whether a proper inspection had been made. The charge was correct, and if appellant desired a more specific one a special charge should have been requested. The assignment is not well taken.

Appellant's third, fourth, and fifth assignments of error complain of the giving of three special charges requested by appellee. These charges embrace, respectively, a certain fact, each different from the other, and the jury were told if they believed such facts to find for defendant. The defendant pleaded as a defense the negligence of appellant in the aggravation of the injury alleged to have been sustained. The issue of aggravation was raised by the evidence, and defendant was entitled to have said issue submitted to the jury. The objection is urged that the charge was on the weight of the evidence, and singled out certain portions of the testimony, thereby impressing the jury with the idea that the court believed them to be true. We think the facts embraced in the three charges could have been grouped disjunctively in one charge, as each fact stated would have constituted a proper basis for the jury's verdict, and such charge would have been in strict accord with the law. This course would probably have saved any room for criticism. But we think no reversible error was committed, and the assignments are overruled.

The jury were warranted, from the evidence, in believing that defendant was not guilty of negligence, that the appellant was not injured by reason of a defective stirrup, and we see no good reason for disturbing the verdict.

The judgment is affirmed.