BUCHER *et al.* v. SHOWALTER.

Nos. 2928, 4302.   Opinion Filed September 2, 1913.

Rehearing Denied January 30, 1915.

(145 Pac. 1143.)

1.   **APPEAL AND ERROR—Verdict—Vacation—New Trial.** An order of court setting aside a verdict and granting a new trial will not be reversed, unless the court erred upon some pure and unmixed question of law.

2.   **INDIANS—Enrollment Record—Evidence.** An allottee conveyed a portion of his allotment before Act May 27, 1908, c. 199, 35

Stat. 312, making the enrollment records conclusive evidence as to age, was enacted. At the time of the conveyance he was actually of full age, but the enrollment records showed him to be a minor. After the act was passed making the enrollment records conclusive as to age, and after these records showed him to be of lawful age, he made another conveyance of the same land, to different persons. In an action by his first grantee against the second grantee, **held,** that the enrollment records were not competent evidence to show that the allottee was a minor at the time the first conveyance was made.

3.   **WITNESSES—Impeachment—Surprise.** When a party, relying upon a prior statement of the witness that he will testify to certain facts favorable to the party calling him, places a witness on the stand, and the witness testifies unfavorably and different to what he has led the party calling him to believe his testimony would be, the party calling him has the right to show that the witness made a different statement before he was placed on the stand, which induced the party to call him.

4.   **EVIDENCE—Health—Records of Health Board.** A record of a board of health showing the date of a person's birth is competent evidence on the issue of the age of such person, when the law of the state in which such person was born made it the duty of such board to keep a record of births, and the record offered was made in accordance with law.

5.   **TRIAL—Instructions—Oral Charge.** Where in a civil case the court is not requested to instruct the jury in writing and to number and sign the instructions, it is not error to instruct the jury orally.

6.   **APPEAL AND ERROR—Assignments of Error—Matters of Record.** An assignment of error must be based upon matters appearing in the record.

(Syllabus by Rosser, C.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain, Judge.*

Action by Henry P. Showalter against George F. and C. S. Bucher. From a judgment sustaining a motion for new trial in No. 2928, defendants bring error, and from a judgment for plaintiff in No. 4302, defendants bring error. Both cases affirmed.

*N. B. Maxey, Samuel V. O'Hare,* and *C. S. Bucher,* for plaintiffs in error.

*Frank L. Moulton* and *Wm. T. Hutchings,* for defendant in error.

Opinion by ROSSER, C.   This is a suit to quiet title brought by Henry P. Showalter, hereinafter referred to as plaintiff, against George F. Bucher and C. S. Bucher, hereinafter referred to as defendants. The case was tried and resulted in a judgment for the defendants.   The court sustained a motion for a new trial, and defendants appealed from the order of the court granting a new trial.   That appeal is numbered 2928 on the docket of this court.   While that appeal was pending the case was tried again, resulting in a judgment for the plaintiff. The defendants again appeal, the second appeal being numbered 4302 on the docket of this court.   The two cases have been consolidated, and will be disposed of in one opinion.

The error assigned in No. 2928 is that the court erred in granting the motion for a new trial.   There was a question of fact in the case as to the age of the allottee, John Kemp.   The motion for new trial was based largely on newly discovered evidence.

It is well settled that the action of the court in granting a new trial will not be disturbed on appeal unless the court erred upon a pure, simple, unmixed question of law. As the question presented on motion for a new trial was not such a question, the action of the court in granting a new trial will be affirmed.

The first assignment of error in No. 4302 is that the court erred in excluding the enrollment records which were offered to show the age of John Kemp, the allottee.   This question comes up in a peculiar way.   The allottee, John Kemp, deeded the land to the defendants on the 11th day of January, 1908, which was prior to the act of Congress making the rolls conclusive evidence of the age of the allottee.   The deed to the plaintiff was executed on the 15th day of June, 1908, subsequent to the act making the rolls conclusive evidence.   The defendants sought to introduce the rolls for the purpose of showing that their deed was valid.   It was excluded by the court.   No

authorities are cited by either party bearing upon this question, and it is not believed that such a question ever arose before. At the time the defendants obtained their deed the rolls were not evidence. *Hegler v. Faulkner,* 153 U. S. 109, 14 Sup. Ct. 779, 38 L. Ed. 563. The validity of the defendants' deed, therefore, must be determined by the law in force at the time it was made, and under that law, if the grantor was actually a minor, the deed was not valid, regardless of whether the rolls show that he was of age or not. He would not have been estopped by the rolls to show that he was a minor when the deed was made, even in an action brought after the act of Congress was passed. His grantee in this case stands in his shoes, and is entitled to the same rights that he had. It has been decided that the act of Congress making the rolls conclusive evidence of age is not retroactive, and does not affect conveyances made prior to its passage. *Williams v. Joins,* 34 Okla. 733, 126 Pac. 1013; *Rice v. Ruble,* 39 Okla. 51, 134 Pac. 49. Therefore the court did not err in excluding the record showing the age of the allottee.

Rose Luster, the mother of the allottee, John Kemp, was called as a witness for plaintiff, and testified, in reply to a question of plaintiff's counsel, that Kemp was of lawful age at the time he gave the deed to the defendants. Plaintiff was then permitted to prove by other witnesses that Rose Luster had told them that Kemp was a minor at the time he gave the deed. The action of the court in admitting this evidence is assigned as error. The rule is that a party will not be permitted to discredit a witness he himself has called by proving that the witness is of bad reputation, but where a party places a witness on the stand with a reasonable expectation, derived from conversations with the witness, that he will testify favorably upon a particular point; and his testimony is unfavorable, the party calling him has the right to show that the witness made a different statement before going on the stand, favorable to the party calling him. *Sturgis v. State,* 2 Okla. Cr. 362, 102 Pac. 57; *Paris v.*

*United States,* 5 Okla. Cr. 601, 115 Pac. 373. See Wigmore, Ev. sec. 904; *Johnson v. Leggett,* 28 Kan. 590; *Morris v. Guffey,* 188 Pa. 534, 41 Atl. 731; *Hayes v. Tacoma R. & P. Co.* (C. C.) 106 Fed. 48; *Swift v. Short,* 92 Fed. 567, 34 C. C. 545.

It is also urged that the court erred in admitting in evidence the record of the board of health of the city of Richmond, in Wayne county, Ind., showing the date of the birth of John Kemp, the allottee. The Indiana statute made it the duty of the physicians and accouchers to report all births and deaths within fifteen days from their happening to the secretary of the board of health of the town, city, or county in which they occurred, and also made it the duty of the board of health to keep a record of all marriages, births, and deaths. The report offered was made in compliance with this statute, and was admissible. No better evidence could be obtained of the fact, and the court did not err in admitting it. Wigmore on Evidence, sec. 1644; *McKinstry v. Collins,* 74 Vt. 147, 52 Atl. 438; *Denoyer v. Ryan* (C. C.) 24 Fed. 77; *Priddy v. Boice,* 201 Mo. 309, 99 S. W. 1055, 9 L. R. A. (N. S.) 718, 119 Am. St. Rep. 762, 9 Ann. Cas. 874; *McPhelemy v. McPhelemy,* 78 Conn. 180, 61 Atl. 477; *Lewis v. Marshall,* 5 Pet. (U. S.) 470, 8 L. Ed. 195.

The next assignment of error is that the court erred in not instructing the jury in writing, and in not signing the instructions. The record does not show that the instructions were oral. It is true that the fact that they were not in writing was set up as one of the grounds for a new trial, but the statement in the motion for a new trial that they were not in writing was not proof of that fact. But, assuming that they were oral, the record does not show that the defendants requested written instructions. The fifth paragraph of section 5794, Comp. Laws 1909. (Rev. Laws 1910, sec. 5002), is as follows:

"When the evidence is concluded and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party or his attorney asking the same, and delivered to the court. The court shall give general instructions to the jury, which shall be in writ-

ing, and be numbered, and signed by the judge, if required by either party."

There is an apparent conflict between the fifth and sixth paragraphs of section 5794, *supra.* It was held in the case of *Hurst v. Hill,* 32 Okla. 532, 122 Pac. 513, that the provisions of the sixth paragraph, which required the instructions to be signed by the judge, only applied to cases where written instructions were demanded, and that to make the failure to give written instructions in a civil case reversible error they must be demanded. No request was made for written instructions. The defendants sat quietly by while the oral instruction was given, and made no objection to it upon that ground, and they cannot now complain. The statute requiring written instructions could only have been passed for one or two reasons: First, the certainty of getting an accurate record of the language used by the court, and that reason has largely passed away since courts are given the right to employ competent stenographers. Second, because of the lack of confidence in the integrity of the trial judge and the fear that he might change or alter the instructions after they were given. There is a very remote possibility that this reason might still exist, but there should be no presumption that a trial judge will falsify the record, and there is no reason for extending the rule so as to make the giving of written instructions mandatory. In the opinion of the writer, the requirement that instructions should be in writing is entirely wrong. An honest trial judge of reasonable ability can explain the law of the case to the jury more understandingly in an oral instruction than in an instruction formal and lifeless, as a written instruction must necessarily be.

The next assignment of error is that the court permitted the attorneys for plaintiff to enter the jury room while the jury was in session and explain certain evidence. If this assignment is based upon facts it is grounds for a reversal. Such conduct would be highly improper, not only upon the part of the attorneys for plaintiff, but a communication by any one else, even the judge, to the jurors while engaged in their deliberations,

would be a ground for reversal. *Watson v. State,* 7 Okla. Cr. 528, 124 Pac. 329. But the record shows that nothing of the sort occurred. The court was open at the time of the occurrence complained of, and everything that was done or said about the case was done or said in open court. Therefore this assignment will not be considered.

There is no reversible error in the record, and the judgment should be affirmed.

By the Court: It is so ordered.