(133 So. 269)

### DAY v. BROYLES.
#### 6 Div. 837.

Supreme Court of Alabama
March 19, 1931.

William Vaughan, of Birmingham, for appellant.

David S. Anderson and Fitts, Boyle & Fitts, all of Birmingham, for appellee.

FOSTER, J.

This is an action for money had and received, and it is sufficient in form to sustain a recovery for money paid by plaintiff to defendant upon the execution of a contract for the purchase of realty from defendant, upon a claim that plaintiff was induced to make the purchase and pay the amount on account of the fraud of the defendant in making the sale. Chandler v. Wilder, 215 Ala. 209, 110 So. 306.

There was no necessity, therefore, for special counts, and it could work no injury to appellant to sustain demurrers to them,

leaving the common count for money had and received.

We have often pointed out that, when one is induced to enter into such a contract by fraud, he has an election of remedies, either (1) to rescind the contract and sue for his money back, in which event he must give up possession of the property and restore all the benefits he received under it, or (2) affirm the contract, and sue for damages for the deceit, when he may retain the property, and its other benefits. Coleman v. Night Commander Lighting Co., 218 Ala. 196, 118 So. 377; Maxwell v. Sherman, 172 Ala. 626, 55 So. 520; Chandler v. Wilder, 215 Ala. 209, 110 So. 306; Fairbanks Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624; Thompson v. Fourth Nat. Bank, 214 Ala. 452, 108 So. 69.

The action for money had and received cannot be sustained by such a transaction, except upon the basis of a rescission.

In this case, plaintiff has never offered to surrender the interests which he acquired under the contract or possession of the property, but on the contrary, after he made demand for a return of his money, he filed his contract for record in the probate office. This amounted to a further affirmance of its binding effect, and was inconsistent with a rescission.

The court therefore did not err in giving the general affirmative charge for defendant.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.