(139 So. 293)

## SOUTHERN BUILDING & LOAN ASS'N v. BARTEE.

6 Div. 987.

Court of Appeals of Alabama.
Oct. 6, 1931.

Rehearing Denied Nov. 24, 1931.

Lange, Simpson & Brantley, of Birmingham, for appellant.

556

J. K. Taylor and Charles W. Greer, both of Birmingham, for appellee.

RICE, J.

Suit by appellee, in which she had recovery, against appellant, on the common counts, for money had and received.

The basis of appellee's claim is that she was defrauded, by the misrepresentations of appellant's duly authorized agent, into paying over to it a certain sum of money, for its use, which, according to said representations, would be returned to her whenever, and if, she demanded it.

We see no occasion for our going into a dissertation upon the principles of law which govern such controversies. Elaborate discussion may be found in the cases collected and cited in the opinion in the case of Letson v. Mutual Loan Soc., 208 Ala. 285, 286, 94 So. 288.

Appellant complains at the court's allowing appellee to withdraw counts in deceit, which had been filed simultaneously with the "common counts" (upon one of which the trial was had), after appellant had interposed pleas of set-off and recoupment.

But we think the trial court was well within its rights, in the action mentioned. Code 1923, § 9513.

In the first place, we cannot see that appellant was injured. The said pleas of set-off and recoupment were interposed to the "common counts," at the same time they were interposed to those claiming as for deceit, and appellee's answers to appellant's interrogatories, made well in advance of the trial, clearly disclosed her theory of her right to recover—which was the one actually litigated on the trial.

Then, in the second place, the filing of the counts in deceit, which followed, in the same pleading, those denominated the "common counts," could not, we think, be said to constitute an "election" by appellee to "affirm" the fraudulent transaction complained of. 20 C. J. 31.

As said in the authority cited, "Where the plaintiff alleges two inconsistent causes of action in the same complaint, there is no election as to either. * * *"

So, in no event would reversible error be predicated upon the rulings permitting the withdrawal, in advance of the trial, of the said counts claiming as for deceit, etc. Supreme Court Rule 45.

Appellant's only other complaint here is that the trial court erred in refusing to give to the jury, at its request, the general affirmative charge to find in its favor.

Its first argued contention is that it was due said general affirmative charge because appellee, in her effort to rescind the contract into which she claims she had been tricked, failed to tender back to appellant all the consideration she had received under same, to wit, a sum in excess of $3 which had been paid to her as "interest," or "dividends."

But this contention is unsound, for two reasons: In the first place, according to her claim—and as the jury found—appellant owed to her a sum greatly in excess of this amount. And where this is true, she would be under no duty to make such tender. 13 C. J. 622. In other words, 'that which the party is entitled in any event to retain need not to be restored by him." Ib.

Then, in the second place, we think this contention unsound because, in the language of the Supreme Court in the case of Heide v. Capital Securities Co., 200 Ala. 397, 76 So. 313, 316, "the dividends were, of course, to be offset against the amount due the plaintiff in case defendant had entertained plaintiff's demand, and we think it too clear for discussion that a failure to make a clear announcement of that simple fact could have no material bearing upon the plaintiff's right of action. The evidence fully justifies the conclusion that such an offer would have been futile and an unnecessary ceremony."

The other contention for reversal because of a failure to give the general affirmative charge in appellant's favor is stated to be that the "evidence was insufficient to support a verdict for the plaintiff (appellee) on Count Six of the Complaint"—the only count submitted to the jury.

Well, that contention might be true, and still there not be error in refusing said charge. McMillan v. Aiken, 205 Ala. 35, 88 So. 135,

136. As held in that case, "If there is evidence reasonably affording an inference adverse to right of recovery by the party asking the general charge, or from which the jury might draw an inference adverse to such party, the general charge should not be given."

But we might say that, after critically examining the evidence in this case, we are not only persuaded that there was, as described in some of the cases, a "scintilla of evidence" supporting appellee's claim, but that said evidence was really, under the well-recognized rules, "sufficient to support the verdict returned." See Southern Loan & Trust Co. v. Gissendaner, 4 Ala. App. 523, 58 So. 737.

The judgment is affirmed.

Affirmed.