(137 So. 301)

## MOORE v. ONEONTA MOTOR CO.

### 6 Div. 939.

Supreme Court of Alabama.

Oct. 29, 1931.

P. A. Nash, of Oneonta, for appellant.

J. T. Johnson, of Oneonta, for appellee.

GARDNER, J.

Detinue by appellee against appellant for recovery of a Ford car.

Plaintiff sold the car in question to one E. R. Ellington and relies upon a mortgage executed by said Ellington, which was duly recorded. Defendant's title is likewise through Ellington, who first sold the car to the Oneonta Chevrolet Company, the defendant purchasing from the latter.

It was defendant's insistence that the Ellington mortgage was procured through the fraudulent representations of one Kelton, who consummated the sale for the plaintiff, to the effect that he was signing a mere transfer of a mortgage executed by one Mullins to Ellington, and who was thus induced to sign said mortgage without reading the same, and relying upon such false representations. Day v. Broyles, 222 Ala. 508, 133 So. 269.

Ellington had sold his Nash car to Mullins for $600. Mullins was to pay $200 cash and execute a mortgage to Ellington for the balance. Ellington insists the trade with plaintiff's agent was that he would accept the $200 cash Mullins was to pay and accept for its face value of $400 the Mullins' mortgage duly transferred, and Ellington would pay the balance of $26 in cash; that this was the whole transaction, and he was to sign no mortgage or otherwise obligate himself to plaintiff.

Plaintiff's evidence was in sharp conflict with the foregoing to the effect that there was no misrepresentation, and that the papers speak the true situation, fully understood by all parties. A jury question was thus presented.

Plaintiff was permitted, over defendant's objections duly interposed, to show that after this detinue suit was brought, Ellington had employed counsel and instituted a suit against plaintiff to recover damages for the alleged fraudulent misrepresentations. This evidence was offered upon the theory that such a suit ratified the contract (Preston Motors Corporation v. Wood, 208 Ala. 172, 94 So. 70), and it seems to be the insistence that such litigation waived the fraud.

But we think this a misconception of the holding of the authorities. True such suit for damages proceeds upon the theory the contract or transaction is confirmed and there need be no offer to restore what was received thereunder, but this does not mean that the fraudulent conduct is waived or ratified. Otherwise a defrauded party would have but the remedy of rescission, while it is well settled he has an election of remedies, either "to rescind the contract * * * in which event he must give up possession of the property and restore all the benefits he received under it, or (2) affirm the contract, and sue for damages for the deceit, when he may retain the property, and its other benefits." Day v. Broyles, 222 Ala. 508, 133 So. 269.

The question is more fully considered with citation of authorities in Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624, and we consider further discussion thereof unnecessary.

The introduction in evidence of the complaint in the suit for damages and the evidence relating to the institution of such litigation injected into the case irrelevant matter prejudicial to the defendant, and which constitutes error to reverse.

Plaintiff's agent Kelton was authorized to sell the car, and clearly had the ostensible authority to close the deal pursuant to defendant's contention as to the entire transaction, and Ellington, the purchaser, would not be bound by any secret limitation placed thereon by plaintiff, of which he (Ellington) was not informed or had no notice. Section 9534, Code 1923. Under the authority, however, of People's Bank & Trust Co. v. Walthall, 200 Ala. 122, 75 So. 570, the limitation put upon the agent by plaintiff was a circum-

512

stance to be considered by the jury, in view of the conflict as to what in fact was the contract or agreement between the parties. There was therefore no error in this ruling.

Very clearly, in the absence of proof as to the surrounding facts and circumstances, the proffered testimony of Ellington as to any offer to buy the Nash car was properly rejected. 22 Corpus Juris, 184. Even when all surrounding circumstances are made to appear, many authorities condemn such evidence as too unreliable and involving the ascertainment of too many elements of proof. 22 Corpus Juris, 179 and 184; Sharp v. U. S., 191 U. S. 341, 24 S. Ct. 114, 48 L. Ed. 211. But upon this question the authorities are in sharp conflict, and as the exigencies of this case do not so require, a decision of that question is pretermitted.

Defendant offered to show by Ellington that he owed nothing on the car in question, but had paid for the same, but plaintiff's objection was sustained.

We think the evidence was admissible as the statement of a collective fact, and not objectionable as a mere conclusion of the witness. The following authorities support this view: Floyd v. Pugh, 201 Ala. 29, 77 So. 323; Cumbee v. Eady-Baker Grocery Co., 211 Ala. 316, 100 So. 336; Shepherd v. Sartain, 185 Ala. 439, 64 So. 57.

In view of another trial of the cause, though unnecessary here to be treated, we think it appropriate to state our conclusion that the record, as we interpret it, discloses a foreclosure of the Mullins' mortgage in accord with the power of sale therein contained, and we find no evidence sufficient to establish the invalidity in this action at law. Harmon v. Dothan National Bank, 186 Ala. 360, 64 So. 621.

For the error indicated, the judgment will be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.