145 So. 456

## BANKERS' MORTG. BOND CO. v. ROSENTHAL.

### 6 Div. 987.

Supreme Court of Alabama.

Oct. 27, 1932.

Rehearing Denied Jan. 27, 1933.

Coleman, Spain, Stewart & Davies, H. H. Grooms, and A. Leo Oberdorfer, all of Birmingham, for appellant.

138

Walter S. Smith and Albert A. Rosenthal, both of Birmingham, and Reese & Reese, of Selma, for appellee.

THOMAS, J.

The submission was on motion and the merits.

■ There are many assignments of error that are submitted with a proper grouping of kindred propositions, and will be so considered by this court. Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; Southern Ry. Co. v. Cates, 211 Ala. 282, 100 So. 356; Sovereign Camp, W. O. W., v. Craft, 210 Ala. 683, 99 S. E. 167.

The trial was had on count 4 for money had for the use of plaintiff, and on pleas of the general issue, pleas 4 to 8, inclusive, for merger of agreement into subsequent written subscription, accord and satisfaction, and the

bar of limitations, as to issue of stock by corporations. Section 7014 of the Code.

**■■** We now consider the motion to substitute the receiver in this court and made for the first time here. It was made to appear, by the application for substitution in this court, that B. D. Speer was appointed receiver of the Bankers' Mortgage Bond Company, and by that decree placed in full charge and control of all of its properties and assets; that he was not a mere stakeholder, but the real party in interest in this cause and interested in the conduct of the suit, asks that there be order of substitution here, and that the case be continued in his name as such receiver.

A receiver who is not a mere stakeholder should be permitted or allowed, on due and proper application or motion and proof, to intervene, prosecute, and direct the proceedings in the cause to final judgment. Lacy, Terrell & Co. v. Rockett, 11 Ala. 1002, in the matter of intervention by trustee in bankruptcy; Kidd, Executrix, v. Josiah Morris & Co., 127 Ala. 393, 30 So. 508, declared the right of a special administrator to prosecute the appeal; Atlanta, B. & A. Railway Co. v. McGill, 194 Ala. 186, 69 So. 874, was of the right of a receiver to defend; Herndon v. Howard, 9 Wall. 664, 19 L. Ed. 809, the right of an assignee admitted as an appellant in the Supreme Court of the United States. See 34 Cyc. 430; 1 C. J. § 226, p. 144; 3 C. J. ·1008, p. 103. Several cases are cited by appellee in her opposition to the right of intervention: Cobbs v. Vizard Inv. Co., 182 Ala. 372, 62 So. 730, Ann. Cas. 1915D, 801, where the power of prosecution held ample, and Coffey v. Gay, 191 Ala. 137, 67 So. 681, L. R. A. 1915D, 802, where the receiver litigated unsuccessfully in the court of his appointment and without consent sought to appeal.

These authorities are not decisive of the question now presented—the right of intervention in this court when the bankrupt took the appeal before adjudication and appointment of the receiver and petitioner here. In the case of W. C. Sterrett, as Receiver, etc., v. Second National Bank of Cincinnati, Ohio, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135, the question of jurisdiction under the appointment of a chancery receiver and statute held not to extend to the court of another jurisdiction. This is not the case before us. The right of a state court to proceed under jurisdiction that had attached, was the subject of Riehle, Receiver, etc., v. Margolies, 279 U. S. 218, 49 S. Ct. 310, 312, 73 L. Ed. 669, 672. Mr. Justice Brandeis declared: "The appointment of a receiver of a debtor's property by a federal court confers upon it, regardless of citizenship and of the amount in controversy, federal jurisdiction to decide all questions incident to the preservation, collection, and distribution of the assets. It may

do this either in the original suit, Rouse v. Letcher, 156 U. S. 47, 49, 50, 39 L. Ed. 341, 342, 15 S. Ct. 266; or by ancillary proceedings, White v. Ewing, 159 U. S. 36, 40 L. Ed. 67, 15 S. Ct. 1018. Compare Kelley v. Gill, 245 U. S. 116, 119, 62 L. Ed. 185, 187, 38 S. Ct. 38. And it may, despite section 265 of the Judicial Code [U. S. C. Title 28, § 379 (28 USCA § 379)], issue under section 262 (28 USCA § 377), or otherwise, all writs necessary to protect from interference all property in its possession. Julian v. Central Trust Co., 193 U. S. 93, 112, 48 L. Ed. 629, 639, 24 S. Ct. 399. But the appointment of the receiver does not necessarily draw to the federal court the exclusive right to determine all questions or rights of action affecting the debtor's estate. Calhoun v. Lanaux, 127 U. S. 634, 637–639, 32 L. Ed. 297–299, 8 S. Ct. 1345. This is true, a fortiori, as to the subject-matter of a suit pending in a state court when the receivership suit was begun. Compare Haines v. Carpenter, 91 U. S. 254, 23 L. Ed. 345. The rule that, when the jurisdiction of a court, and the right of a plaintiff to prosecute his suit in it have once attached the right cannot be restrained by proceedings in any other court, applies to protect the jurisdiction of the court unless the case is within some recognized exception to section 265 of the Judicial Code. Compare Hull v. Burr, 234 U. S. 712, 723, 58 L. Ed. 1557, 1563, 34 S. Ct. 892; Wells F. & Co. v. Taylor, 254 U. S. 175, 182–184, 65 L. Ed. 205, 210–212, 41 S. Ct. 93; Essanay Film Mfg. Co. v. Kane, 258 U. S. 358, 361, 66 L. Ed. 658, 660, 42 S. Ct. 318; Atchison, T. & S. F. R. Co. v. Wells, 265 U. S. 101, 103, 68 L. Ed. 928, 931, 44 S. Ct. 469. Here there is no basis for any such exception." And our decisions, Kibbe v. Scholes, 219 Ala. 571, 123 So. 61, Eggleston v. Barnett, 220 Ala. 394, 125 So. 637, and Coffman v. Folds, 216 Ala. 133, 112 So. 911, were to the effect that where no conflict of jurisdiction between state and federal courts is presented, a trustee by appointment of the federal court may intervene at will in the progress of the suit in the lower court, and where commenced by the bankrupt, and avail himself of the rights and priorities thereby acquired as to the trust property that is subject to distribution to creditors. Harper v. Dothan Nat. Bank, 223 Ala. 26, 134 So. 623.

We are of opinion the receiver's motion should be denied. The right of appeal is by statute. The defendant corporation took the appeal and assigned errors. There is no statute or rule that authorizes the intervention and substitution of parties as sought.

**■** The evidence has been carefully examined, and there were material conflicts presented on the several issues of fact, and general affirmative instruction requested by defendant was properly denied. McMillan v.

Aiken, 205 Ala. 35, 40, 88 So. 135. There was no error in refusing affirmative instructions requested—charges g, oo, a, nnn, and bb were properly refused.

■ An actual tender of the corporate stock is not required, if the purchaser is shown to be ready, able, and willing to return the stock but is prevented by the seller declaring it will not be received as rescission. Americanized Finance Corporation v. Yarbrough, 223 Ala. 266, 135 So. 448, and authorities; United States Life Insurance Co. v. Lesser, 126 Ala. 568, 589, 28 So. 646, and authorities; Odum v. Rutledge & Julian Railroad Co., 94 Ala. 488, 496, 10 So. 222; Rudulph v. Wagner, 36 Ala. 702; Lowe & Armstrong v. Shinault, 201 Ala. 593, 79 So. 22. So, also, of the dividends. Southern Building & Loan Ass'n v. Bartee, 224 Ala. 276, 139 So. 294; Id., 24 Ala. App. 555, 139 So. 293. Where an offer or demand to pay money or deliver property is declined in limine, actual tender is thereby waived. Smith v. Thomas, 201 Ala. 442, 78 So. 820; Root v. Johnson, 99 Ala. 90, 10 So. 293; 38 Cyc. 144, c. There was no error in refusing charges contrary to these authorities, such as charges 4-A, bb, g, and oo. Americanized Finance Corporation v. Yarbrough, supra.

■ In Southern Building & Loan Ass'n v. Bartee, 24 Ala. App. 555, 139 So. 293, the holding was to the effect that common counts and rescission may be the basis of separate counts and present no case of election of remedies pursued or to be pursued. Code, § 9467; 20 C. J. p. 31, § 20; Sovereign Camp, W. O. W., v. Carrell, 218 Ala. 613, 119 So. 640; Southern Building & Loan Ass'n v. Wales, 224 Ala. 40, 138 So. 556; Id., 24 Ala. App. 542, 138 So. 553; Singer v. National Bond & Investment Co., 218 Ala. 375, 118 So. 561; Roll v. Dockery, 219 Ala. 374, 122 So. 630, 65 A. L. R. 1473. And it is established in this jurisdiction that one induced to contract by fraud (in such matter) may rescind and restore, or offer to restore, the benefits, and declare on common counts for money had and received; or may affirm and retain benefits, and sue for damages for the deceit. Day v. Broyles, 222 Ala. 508, 133 So. 269, and authorities. See, also, Bynum v. Southern Building & Loan Ass'n, 223 Ala. 392, 137 So. 21; Moore v. Oneonta Motor Co., 223 Ala. 510, 137 So. 301; Fairbanks, Morse & Co. v. Dees, 220 Ala. 41, 126 So. 624; Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

■ When the plaintiff and husband seasonably demanded her money to liquidate the mortgage on her home on or about February 1, 1930, in accordance with representation of such repayment on her demand, made to her by the selling agent when she purchased the stock and the return of her money refused, and thereafter she carried the stock so purchased to the office of defendant and said to the manager of the bond department, and to the executive vice president of the corporation in charge at the time, that she wanted or demanded the return of her money, and it was refused, she did what the law required of her to effect rescission of the sale thereof.

It may be further noted that before her suit she discovered that the common stock sold her by defendant's representing agent was not authenticated as provided by statute, in that the corporation had not complied therewith by recording the certificate authorizing its issue in the probate office; and that immediately after this knowledge she brought this suit, recovering under the count for money had and received. Christie v. Durden, 205 Ala. 571, 88 So. 667; Day v. Broyles, 222 Ala. 508, 133 So. 269; Chandler v. Wilder, 215 Ala. 209, 110 So. 306; Jackson v. Berry-Snellings Realty Co., 211 Ala. 174, 100 So. 111; Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 So. 363; First Nat. Bank of Dozier v. Farmers' Bank of Luverne, 207 Ala. 402, 92 So. 639. To this we will advert after examining the statute in question.

■ This court has held that the misstatement of a material fact relied upon, and that induced to making the contract, was sufficient and vitiating fraud, though made with no intent to deceive [section 8049, Code of 1928, and authorities there collected; Gulf Electric Co. v. Fried, 218 Ala. 684, 693, 119 So. 685; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Williams v. Bedenbaugh, 215 Ala. 200, 202, 110 So. 286, and authorities; Edmundson v. Mullen, 215 Ala. 297, 110 So. 391; Chemical National Bank v. Jackson, Supt., etc., 214 Ala. 458, 463, 108 So. 53; Southern Building & Loan Ass'n v. Bartee, 224 Ala. 276, 139 So. 294; Id., 24 Ala. App. 555, 139 So. 293; Southern Building & Loan Ass'n v. Wales, 224 Ala. 40, 138 So. 556; Id., 24 Ala. App. 542, 138 So. 553], and supports the action under common counts. The count for deceit was eliminated on the trial.

It should be said the dealings of the respective parties constitute a negotiation or a continued transaction for the respective shares of common and preferred stock, sold in units of one for one of "common and preferred stock"; the subscription therefor of date of September 7th, was signed by the plaintiff, that on September 9th was not so subscribed; that the stock was not delivered, according to the evidence of Mr. Rosenthal, at the time it was issued, and there was a balance due on the purchase price; that the delivery was seven or eight days after the payment of the purchase price, though the receipts therefor are dated September 9 and September 10, 1929, and though Mrs. Rosenthal did not know the date of its delivery. The weight of the evidence showed and supports the

judgment rendered, that the sale was on the consideration and promise entering into the transaction and applying to the aggregate purchases. The evidence for plaintiff was to the effect that Mrs. Rosenthal "could get her money at any time"; that all of her "stock was payable on demand," and that purchasers "could get it any time"; that demand was made for the return and was refused even after the demand was renewed to and by the executive officer in charge of that department of the company.

The evidence showed without conflict that the authorization of the issue of common stock, issued to plaintiff in September, 1929, was not recorded in the probate office of Jefferson county, the domicile of that corporation, as provided by law.

The minutes of the meeting of stockholders of date of May 24, 1928, show the authorization of the increase of capital stock, but did not relate to such stock issued in September, 1929. The meetings of July and August, 1929, are proven by defendant's witnesses, but are not shown to have been recorded in the probate office, as were the minutes of the 1928 meetings of stockholders covering the authorized increase of common stock.

Thus we are brought to a consideration of the statute adverted to in the oral charge and to which exceptions were reserved. Article 5, Code of 1928, § 7005 et seq., provides and regulates the right of issue of two or more kinds or classes of stock. Section 7006 provides that stock of a class preferred in any respect over stock of any other class may be created or authorized with the consent of the owners of two-thirds of the capital stock of the corporation outstanding, (1) by amendment of the original certificate of incorporation "filed as required by law in the office of the judge of probate," or (2) in a joint agreement of merger or consolidation duly adopted and filed in the office of the secretary of state, "as provided by law"; or (3) at a meeting of the stockholders called for such purpose, etc., adopted and authorized, and duly certified and filed in the probate office where its principal place of business is domiciled.

It is further provided for the issue of stock without nominal or par value and that "all common stock issued shall be subordinate to the preferences given to preferred stock." Randle v. Winona Coal Co., 206 Ala. 254, 89 So. 790, 19 A. L. R. 118; section 7009, Code. Section 7010 provides one vote for each share of stock; section 7011, for the issue of nonpar stock, etc.; and section 7012, for "statement as to par value stock." It is then provided by section 7013 of the Code that: "Jurisdiction is hereby conferred upon courts having equity jurisdiction, to be invoked by appropriate bill, to determine the validity or invalidity of any stock in corporations, heretofore or hereafter authorized or issued, and to correct or cancel the same, and any certificate issued therefor, when such validity or invalidity depends upon the proportions between the amount of preferred and common stock under the provisions of any law heretofore existing, or the issue of stock without the consent of the necessary number of stockholders, or the issue of stock without the filing of any certificate required by law to be filed, or any defect, insufficiency or irregularity in the proceeding authorizing the issue of such stock or in any such certificate." And the "limitations of actions under this article" are stated as follows (section 7014, Code): "All actions hereunder, or under any existing law or laws heretofore enacted for the purpose herein specified, or under any existing right or cause of action at common law or in equity with respect to the matters herein specified, which were not on September 26, 1919, barred shall be barred within one year from the date of the issue or the authorization of the stock as to stock hereafter issued or authorized to be issued, and in event no such action is brought within the time hereinabove specified, such stock shall hereafter be valid for all purposes as fully and to the same extent as if issued and authorized by due authority and pursuant to law."

■ The instant suit was brought on September 15, 1930, and by way of rescission, deceit, and the common counts for money had and received. The count for deceit was eliminated on the trial; the common counts were subject to other limitations, within which suits can be brought, than those declared in the last-quoted statute. It was required to be brought within three years from the date of issue and delivery of the stock in question. Section 8947, Code.

■ It follows from this that the inquiry as to whether the authorization of the issue of common and preferred stock was recorded in the probate office was res inter alios acta in a suit like this, and was improperly admitted in evidence for this reason. Such negative matter may be shown in a proper case, as was done here, after a proper predicate of due search of the appropriate record is made. McPhelemy v. McPhelemy, 78 Conn. 180, 61 A. 477; Sanders v. St. Louis Southwestern Ry. Co. of Texas (Tex. Civ. App.) 135 S. W. 718; In re Estate Luther L. Colton, 129 Iowa, 542, 105 N. W. 1008; 3 Jones on Ev. § 528, p. 514; Id. pp. 584, 585, § 543; 23 C. J. 27, § 1762. And the evidence of Latady was improperly admitted, and instruction on the phase of the evidence of failure of record in the office of the judge of probate of the common stock in question was error.

Under the pleading and evidence the court committed no error in refusing appellant's requested written charges 3-A and ff; they were properly refused for that they instructed that plaintiff could not recover and ignored

the evidence of fraud in the *sale of the stock* to plaintiff. On the other hand, there was no error in the refusal of charges gg and hh on reasons stated in the foregoing application of sections 7013 and 7014 of the Code. "Even though" justifies the refusal of gg; and hh was confusing.

 The refusal of charge D was error; it correctly stated the law. Langhorne v. Simington, 188 Ala. 337, 66 So. 85; Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205. That phase was not covered by the oral charge stating generally the burden of proof.

 Refused charge 8–A did not hypothesize the phase of evidence that defendant induced plaintiff to purchase and sign the subscription of stock by fraudulent representations. Americanized Finance Corporation v. Yarbrough, 223 Ala. 266, 135 So. 448. The evidence shows that only one subscription of stock was signed by plaintiff.

The evidence shows, as we have indicated, that the two classes of stock were sold as the result of one negotiation, representations, and sale, and if the moving consideration and inducement to the sale and payment of the moneys, sought to be recovered, were accomplished and obtained by fraud, the right of action exists as declared. Bynum v. Southern Building & Loan Ass'n, 223 Ala. 392, 137 So. 21; Americanized Finance Corporation v. Yarbrough, supra; Southern Building & Loan Association v. Wales, 224 Ala. 40, 138 So. 556; Id., 24 Ala. App. 542, 138 So. 553; Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

It results from the foregoing that there was error in the oral instructions to the jury to which exceptions were duly reserved, and which we denominate 4 and 5.

 The giving of charge kk and the refusal of charge 7–A may provoke confusion (Louisville & N. R. Co. v. Parker, 223 Ala. 626, 138 So. 231), as the two classes of stock were sold in units and on like representations. The contract and inducements were not severable. Ware v. Curry, 67 Ala. 274; Denson v. Alabama Fuel & Iron Co., 198 Ala. 383, 393, 73 So. 525.

 Under the pleading and evidence the material questions of fact were for the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The measure of recovery or damages in such suit is stated in Southern Building & Loan Ass'n v. Wales, 224 Ala. 40. 138 So. 556; Id., 24 Ala. App. 542, 138 So. 553; Southern Building & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

It is unnecessary that we cover other objections or exceptions, since the matter may not be presented on another trial. The judgment of the circuit court is, therefore, reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.