# Mayberry v. The State.

*Indictment for Carrying Concealed Pistol.*

1. *Evidence—opinion of witness derived from observation is admissible.* —Where a fact can not be reproduced and made apparent to the jury, a witness may describe the fact according to the effect made on his mind ; or, if, from the nature of a particular fact, better evidence is not attainable, the opinion of a witness derived from observation, is admissible.

2. *Same.*—On a trial for carrying a concealed pistol, testimony that, at the time specified in the indictment, the witness saw "something in the defendant's pocket that looked like a pistol," is material and relevant.

3. *Res gestae.*—Acts or declarations may form parts of the *res gestae*, though not in point of time exactly coincident with the main fact; but they must appear to stand to the happening of the main fact in the relation of unpremeditated result, and the idea of deliberate design in doing or making them must be fairly precluded by the surrounding circumstances.

4. *Same, case at bar.*—On a trial for carrying a concealed pistol, evidence that the witness met defendant at the time and place speci-

[Mayberry v. The Stote.]

fied in the indictment, and that, when he saw defendant five minutes afterwards, he asked defendant if he had a pistol on his person, and at once searched defendants pockets, and found no pistol, was inadmissible.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. N. D. DENSON, Judge.

The appellant was indicted, tried and convicted for carrying a pistol concealed about his person.

The testimony for the State tended to show that the defendant was guilty as charged in the indictment; while the defendant's testimony was in direct conflict with that of the State, and tended to show that at the time specified, he did not have a pistol concealed about his person. The State introduced one Eady as a witness, who testified that he was standing 45 or 50 yards from the defendant, and that he "saw something in the defendant's right hip pocket that looked like a pistol, and that he was in plain view and saw the object well."

The defendant objected to this testimony, and moved the court to exclude the same. The court overruled the objection and motion, and the defendant duly excepted.

Upon the introduction of one Parker as a witness for the defendant, and after he had testified that he saw the defendant at the time and place specified by the State's witness, and that four or five minues later during which intervening time he did not see the defendant, he met the defendant at the public well, the defendant proposed to prove by said witness that he approached the defendant at the public well and asked the defendant if he had a pistol on his person, and at once searched the pocket of the defendant, and that he found no pistol on his person. The State objected to this evidence, which objection was sustained by the court, and the defendant duly excepted. These are the only questions presented for review on the present appeal.

LOGAN, HARGROVE & VAN DE GRAAFF, for appellant.—The evidence of Parker should have gone to the jury for their consideration under all the evidence in the cause as a part of the *res gestæ*. The *res gestæ* consists of such circumstances, or declarations, as arise from a main or principal fact, are cotemporaneous with it, so as to be regarded as a part of the transaction and serve to illus-

[Mayberry v. The State.]

trate its character.—*Garrett v. State*, 79 Ala. 18; *Cooper v. State*, 63 Ala. 80; 3rd, Brick. Dig. p. 287, § 585.

Acts or declarations of persons not parties, or of one party in the absence of the other, are often received in evidence as parts of the *res gestæ.* Such acts or declarations must have been done or made at the time of the occurrence of the main fact, must have a tendency to elucidate it, and must so harmonize with it as obviously to constitute one transaction. It is not essential that they should be precisely concurrent in point of time with the main fact, if they spring out of the transaction, if they elucidate it, if they are voluntary and spontaneous, and if they are made at a time so near to it, as reasonably to preclude the idea of deliberate design, they are regarded as cotemporaneous with the main fact. — *Wesley v. State*, 52 Ala. 182; *Smith v. State*, *Ib.* 407; 3rd Brick. Dig. p. 287, § 590.

Acts and declarations of persons at or about the time of the commission of the offense apparently acting with accused, though a common design be not shown, which are illustrative of the character of the main fact, are admissible as parts of the *res gestæ.*—*Blunt v. State*, 49 Ala. 381; 3rd, Brick. Dig. p. 287, § 591. The evidence of Eady was a mere opinion of his, and was not competent, for he could not swear what it was he saw, and it tended to bolster up the case made by Fancher.

WM. C. FITTS, Attorney-General, for the appellant.— The evidence of the witness Eady was properly admissible. It is a statement of a fact rather than an opinion. Of course, the jury was the judge as to whether it *was* a pistol in defendant's pocket or not, but surely a witness being in plain view and so situated as to be capable of judging may be permitted to say that the object "looked like a pistol." Questions similar to this have repeatedly been passed upon by this court.— *Cotton v. the State*, 88 Ala. 168. The second objection to evidence is to that of Parker. The record does not show affirmatively that his testimony was part of the *res gestae* either in point of continuity or relevancy. On the contrary, the record leaves one in great doubt as to how much time had elapsed between the presence of the men at the lumber pile at the time seen there by Fancher and the time Parker is said to have searched the defendant

for the pistol. It may have been a few minutes, it may have been a few hours. Such a short space of time as to make it a part of the *res gestæ* must be shown by the record. The presumption is that the trial court did not err until the contrary is conclusively established. Moreover, according to Parker's own showing, the defendant was not always in his sight, and he had ample opportunity to dispose of the weapon unseen.

BRICKELL, C. J.—The general rule is, that witnesses must testify to facts, and are not permitted to express mere matters of opinion. The rule has its boundaries and exceptions, which are as well defined as the rule itself. Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or, if from the nature of a particular fact, better evidence is not attainable, the opinion of a witness derived from observation, is admissible.—1 Whart. Ev. § 511; Lawson on Expert and Opinion Evidence, 460.

The principal fact to be proved was that at a particular time, the defendant carried a pistol concealed about his person. The fact that he had at that time, in his pocket, something the impression of which bore a resemblance to the impression a pistol would make, was material and relevant—it had a tendency to prove the principal fact. It is difficult to conceive any mode in which this evidential fact could be communicated to the jury, if a witness observing it, could not declare the effect produced on his mind; or if he could not express the opinion that the impression was that of a pistol. The witness was subject to cross-examination, and if a particular description of the impression was deemed necessary, it could have been elicited, and it may be, the weight of the evidence lessened or destroyed; but of itself the evidence was admissible.

The denial of the defendant that he had a pistol, and the search of his person leading to the discovery of the "horse-shoe magnet" only, was not contemporaneous with the principal fact, the carrying of the pistol concealed. That was a fact consummated, if it existed. It is true, that acts or declarations may form parts of the *res gestæ*, though not in point of time exactly coincident with the main fact. But they must appear to stand to the hap-

[Burton v. The State.]

pening of the main fact in the relation of unpremeditated result, and the idea of deliberate design in doing or making them must be fairly precluded by the surrounding circumstances.—*Gandy v. Humphries*, 35 Ala. 617. There is no room for regarding the denial of the defendant, or the search of his person, as standing in the relation of unpremeditated result to the main fact; nor is there in any of the circumstances an exclusion of deliberate design in the utterance of the one, or in the voluntary submission to the other. The time intervening between the happening of the main fact and these occurrences, afforded opportunities for preparation and concoction; and as the evidence presented them, they were, the mere self-serving declarations and conduct of the defendant, which could not be received as evidence for him.—Whart. Cr. Ev., § 590.

There is no error in the record, and the judgment must be affirmed.

