(75 South. 977)

LOUISVILLE & N. R. CO. v. DAVIS.
(6 Div. 321.)

(Supreme Court of Alabama.   May 10, 1917.)

1. RAILROADS ⟜484(4)—SETTING FIRES—DEFENSE—QUESTION FOR JURY.

In an action against a railroad for destruction of property by fire, defendant's evidence showing that its engine was properly constructed and equipped, in good repair, and properly operated and managed was a complete defense, unless the showing was contradicted, as by evidence that the sparks emitted on the occasion were of unusual size or in unusual quantities, or were thrown to an unusual distance, in which case it was for the jury to say whether the construction, equipment, repair, and management, one or all, were proper and sufficient.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1743.]

2. EVIDENCE ⟜20(2) — JUDICIAL NOTICE — MATTER OF COMMON KNOWLEDGE.

It is a matter of common knowledge that the quantity of sparks emitted by a railroad locomotive depends on the force and rapidity of the exhaust, which is dependent on the load to be pulled, as well as on the grade and curve of the track.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 24.]

3. TRIAL ⟜83(2)—OBJECTION TO EVIDENCE—GROUND.

In an action against a railroad for fire set by sparks, where the engine was heavily loaded with freight cars, and was pulling up grade on a curve, objection to a witness' statement that it emitted an unusual quantity of sparks as compared with other engines in general as observed by him, on the ground of irrelevancy, was not apt as an objection to the comparison

made by the witness, and was properly overruled.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 199.]

4. TRIAL ⬤260(1) — INSTRUCTIONS — REPETITION.
The refusal of charges fully covered by the instructions given was not erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651.]

Somerville and Thomas, JJ., dissenting in part.

Appeal from Circuit Court, Cullman County; R. C. Brickell, Judge.

Action by Arlethia F. Davis against the Louisville & Nashville Railroad Company for the destruction of property by fire. From a judgment for plaintiff, defendant appeals. Affirmed.

There are five counts in the complaint which charge generally that defendant negligently set fire to and destroyed plaintiff's house, and also specifically by the emission of sparks from a locomotive engine. Count 4 charges negligence in the erection, maintenance, and operation of a defective engine, and count 5 charges that the engine was not properly equipped with a spark arrester, or was negligently handled. Plaintiff's evidence tended to show that the fire was caused by sparks emitted from one of defendant's engines. Anticipating the defense of the proper construction, equipment, repair, and operation of the engine, proof of all of which is made in due course by defendant, plaintiff undertook to show that the engine in question on this occasion emitted sparks unusual in size and quantity. The train was on a spur or side track which ran within 50 feet of plaintiff's house, and the engine was engaged in switching operations, and, according to some of the evidence, it stalled opposite the house on a grade and on a curve, and the sparks were emitted in the effort, protracted for several minutes, to get the train in motion. This was about 10:30 p. m. Mrs. Duncan, a tenant of plaintiff, testified:

"I noticed the wheels would turn, but the train did not move, and unusual quantities of sparks would come out. They looked to me as large as a quarter, in unusual quantities and dry. I had seen trains pass up and down that track before, but had not noticed sparks coming out of it so much as that night."

Plaintiff's witness Johnson, living next door to plaintiff's house, and referring to the occasion, testified:

"I heard the sparks falling on the house I was in. They were different sizes, from a dime to the size of a quarter. It would emit large quantities, and they would go about 20 or 30 feet in the air."

This witness stated that he had seen other trains running, and emitting sparks at night, and that the engine in question emitted sparks in larger quantities than others he had seen. The question eliciting this statement was objected to on the ground of irrelevancy, and the objection and the motion to exclude the answer was severally overruled. Defendant's witness Wade, an expert engine inspector, stated on the cross-examination that an engine properly equipped with a spark arrester such as this engine had would not emit sparks as big as a quarter. He also testified that hot sparks had a tendency to expand after going through the meshes of the arrester, and that at night the glare of a hot spark gave it the appearance of being larger than it was.

Geo. H. Parker, of Cullman, and Eyster & Eyster, of Albany, for appellant. F. E. St. John, of Cullman, for appellee.

SOMERVILLE, J. The evidence was sufficient to carry to the jury the question of the causation of the fire by sparks emitted from defendant's engine.

[1] Defendant's evidence showed that the engine in question was properly constructed and equipped, in good repair, and properly operated and managed. This was a complete defense in this case, unless that showing was contradicted as by evidence that the sparks emitted on this occasion were of unusual size, or in unusual quantities, or were thrown an unusual distance, in which case it was for the jury to say whether the construction, equipment, repair, and management, one or all, were proper and sufficient. Coffman v. L. & N. R. R. Co., 184 Ala. 474, 63 South. 527; L. & N. R. R. Co. v. Stanley, 186 Ala. 95, 65 South. 39; Farley v. M. & O. R. R. Co., 149 Ala. 557, 42 South. 747.

[2] One of plaintiff's witnesses testified that the sparks here emitted were unusual in size and quantity; and another testified that they were in quantities larger than he had observed from other engines running at night. "Unusual" is a word of comparison. Comparisons are obviously wanting in probative value unless relative conditions are substantially the same. The evidence here shows, and this is but common knowledge, that the quantity of sparks emitted by an engine will depend upon the force and rapidity of the exhaust, and this in turn is dependent upon the load to be pulled, as well as upon the grade and curve of the track. Manifestly the quantity and size of sparks emitted by a heavily loaded engine pulling up a grade would be unusual with respect to an engine pulling a lighter load on a level track, or on a down grade; but it might not be unusual with respect to any engine operated under equally unfavorable conditions.

[3] The engine in this case was heavily loaded with freight cars, and was pulling up grade on a curve. Under such conditions I think the witness Johnson's statement that it emitted an unusual quantity of sparks, as compared with any other engines in general as observed by him, was not prima facie relevant, and should have been excluded by the trial court. See L. & N. R. R. Co. v. Mar-

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

bury L. Co., 125 Ala. 237, 259, 260, 28 South. 438, 50 L. R. A. 620. Without conceding that this testimony was obnoxious to any objection, a majority of the court hold that the objection on the ground of irrelevancy was not apt as an objection to the comparison made by the witness, and was properly overruled.

[4] The instructions given to the jury at the request of defendant fully covered the law of the case, including the several refused charges, and were in some respects more favorable to defendant than a strict adherence to the law would require.

It results that the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and GARDNER, JJ., concur. SOMERVILLE and THOMAS, JJ., dissent on the single question of the admissibility of the testimony of the witness Johnson.