### WATSON v. STATE. (5. Div. 966.)

Supreme Court of Alabama. Jan. 12, 1928.

1. **Criminal law ☞589(1)—Omission of "by" before "striking him with some weapon" in copy of murder indictment served on defendant held not ground for continuance.**

That copy of murder indictment served on defendant omitted the word "by," appearing in original before words "striking him with some weapon," *held* not ground for continuance.

2. **Criminal law ☞464—Solicitor's question to witness in murder trial, "You could see on his head what looked like a bruised place?" held proper.**

In murder trial, objection to solicitor's question to witness, "You could see on his head what looked like a bruised place?" *held* properly overruled.

3. **Criminal law ☞451(1)—Witness may describe fact, which cannot be reproduced and made apparent to jury, or state opinion, where better evidence is not obtainable, from observation.**

Where a fact cannot be reproduced and made apparent to jury, a witness may describe it as impressed on his mind by observation, or, if better evidence is not obtainable from nature of particular fact, witness' opinion from observation is admissible.

4. **Criminal law ☞473—Physician's testimony that deceased's body bore evidence of having been in water, held admissible.**

In murder trial, it was permissible for physician to testify that deceased's body bore evidence of having been in water.

5. **Witnesses ☞236(1)—Objection to solicitor's question as to whom defendant was talking about when he said he wished he could get out of jail and kill "that d—— negro" held without merit.**

Where witness testified in murder trial that defendant told him while in jail on robbery charge that he wished he could get out and kill "that d—— negro" so he could not appear before grand jury, objection to solicitor's question, "Who was he talking about?" to which

witness answered, "He said 'that negro,'" was without merit.

6. **Criminal law ☞449(1)—Question, "What you told was the truth about it, wasn't it?" held improper as calling for witness' conclusion.**

In murder trial, question on redirect examination of state's witness, "What you told was the truth about it, wasn't it?" *held* improper as calling for conclusion on matter within jury's province to determine.

7. **Criminal law ☞1170½(3)—Error in asking witness, "What you told was the truth about it, wasn't it?" was rendered innocuous by exclusion of answer.**

Error in overruling objection to question, on redirect examination of state's witness, "What you told was the truth about it, wasn't it?" was rendered innocuous by court's subsequent action in excluding witness' answer.

8. **Criminal law ☞723(2)—Argument of state's counsel that murder was one of most horrible ever committed in county, and that none except defendant had motive to remove deceased, held proper.**

In murder trial, argument of state's counsel that crime was one of most horrible murders ever committed in county, that to find out who committed murder you look for motive, and that none except defendant had motive to remove deceased, *held* not improper.

9. **Homicide ☞268—Evidence in murder trial held sufficient for jury.**

Evidence in murder trial *held* sufficient to make a case for the jury.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Horance Watson, alias Horace Watson, was convicted of murder in the first degree, and he appeals. Affirmed.

See, also, 114 So. 926.

During argument to the jury prosecuting counsel made these remarks:

"This is one of the most horrible murders that has ever been committed in Lee county." "If this jury agrees with me, I repeat that it is one of the foulest crimes that was ever committed. What could make it worse? Whenever you find a dead man, if you want to find out who committed that murder, you go to look for the motive. If you will look for the man with the motive, who had a motive to remove this dead negro except the defendant?"

Defendant's objections to this argument were overruled.

Frank M. de Graffenried, of Seale, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs came to the hands of the Reporter.

BROWN, J. The appellant was convicted of murder in the first degree and sentenced to life imprisonment in the penitentiary.

The evidence offered by the state shows without conflict that the deceased, Thomas E. Davis, near midnight on the third Sunday night in October, 1926, was called from his bed by two men on a pretense that they had a truck stalled on the road near deceased's home and wanted his help to get the truck started. They asked for matches and requested the loan of an ax, which was procured by a young brother of the deceased and delivered to one of the men, who is described as "a low, chunky fellow," and the other as "a tall, slim fellow," resembling, in this respect, the defendant. The young brother of the deceased and the "low, chunky fellow," after procuring the ax, started back to the road to where the truck was supposed to be stalled, but, according to the boy's story, instead of a truck, they came upon an automobile with another man in it. The "low, chunky fellow" then told deceased's brother to go to a house some distance away and see if he could not borrow a lantern. When the boy returned to the road where he had left the men and the automobile they were gone, and on returning to the house the deceased and the tall man had disappeared. Some few days thereafter the dead body of Davis was found floating in "Halawaka creek," or what is also called "the back water of Bartlett's Ferry pond," near Harry Prince's store, a distance of 35 miles from the home of Davis, where deceased was last seen alive. There was a barbed wire twisted around his neck, and, as some of the witnesses describe it, what "looked like a bruised place right across his head"; one eye was popped out and the body was swollen.

Dr. Bruce, who examined the body, testified that the skull was fractured and that a hemorrhage through the mouth resulted from the injury. He gave it as his opinion that the wound on the head was caused by "powerful blow from some noncutting blunt object," and that death resulted either from the injury or from water suffocation, or from both the injury and suffocation.

A short time before the disappearance of Davis, as the state's evidence tended to show, the defendant and one Edge had been arrested on a charge of robbery, and on their preliminary trial before a committing magistrate, resulting in holding them to await the action of the grand jury, the deceased testified as a witness for the state. Edge and another witness testified that defendant, while in jail on the robbery charge, stated in their presence, referring to Davis, "if he ever hit the ground he was going to kill him," and about three weeks thereafter and before Davis disappeared, defendant was released on bail.

Testimony was adduced by the state going to show that the defendant and his brothers, up to within about a year before Davis disappeared, had lived in the community of the alleged crime and were well known; that the defendant and one of his brothers were seen in the community in an automobile on the Sunday afternoon of the alleged murder, and on that night defendant and his brother, Restral, "a low, chunky fellow," were recognized by one witness, when they inquired of him as to where the deceased lived.

The testimony offered by the defendant tended to prove an alibi, that defendant and his brother were, on the Sunday and Sunday night of the alleged crime, in La Grange, Ga., a distance of 55 miles from the place of the alleged murder, and were not responsible therefor.

[1] The defendant's objection to being put to trial, and motion for a continuance on the ground that the purported copy of the indictment served on him, in compliance with the mandate of the statute, omitted from the first count the word "by" where it occurred in the original in designating the cause of the death "by striking him with some weapon to the grand jury unknown," were without merit and were properly overruled.

[2-4] The defendant's objection to the question asked by the solicitor during the examination of the witness Prince, "You could see on his head what looked like a bruised place?" was properly overruled. Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact as impressed upon his mind by observation, or if from the nature of the particular fact better evidence is not attainable, the opinion of the witness derived from observation is admissible. Mayberry v. State, 107 Ala. 64, 18 So. 219; Rowlan v. State, 14 Ala. App. 17, 70 So. 953. Under this exception to the general rule, it was permissible for the witness, Dr. Bruce, to state that the deceased body of Davis bore evidence that it had been in the water.

[5] Will Kinney, a witness for the state, testified that the defendant was put in jail after the preliminary trial on the charge of robbery, and that he (defendant) told the witness and John Edge "that he wished that he could get out and kill that d—— negro so he could not appear in the grand jury room." Over the objection of the defendant the solicitor was allowed to ask, "Who was he talking about?" and the witness answered, "He said 'that negro.'" The objection was without merit.

[6, 7] The question put to the witness, John Edge, on redirect examination, "What you told was the truth about it, wasn't it?" was improper as calling for a conclusion of the witness on a matter that was the jury's province to determine, and the defendant's objection was erroneously overruled; but this error was rendered innocuous by the subsequent action of the court in excluding the answer of the witness.

[8] We are not of opinion that state's counsel transcended the bounds of legitimate argument. Cross v. State, 68 Ala. 476.

[9] The statement of the evidence and its tendencies both for and against the accused are sufficient to indicate that the case was one for the jury, and the affirmative charge requested by the defendant was properly refused.

The record is free from reversible error, and the judgment of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.