(124 So. 205)

**LOUISVILLE & N. R. CO. v. STEVERSON.**

**(6 Div. 153.)**

Supreme Court of Alabama.     June 20, 1929.

Rehearing Denied Oct. 31, 1929.

Harsh & Harsh, of Birmingham, for appellee.

McClellan & Stone and J. W. Patton, all of Birmingham, for appellant.

BROWN, J. This action is by the appellee against the appellant for negligently setting fire to the plaintiff's barn, resulting in the destruction of the barn and its contents.

The complaint consists of a single count which avers that, "at said time and place, defendant negligently, by means of sparks or fire emitted from said locomotive engine, caused said property to be greatly injured or destroyed by fire." These averments are sufficient to cover negligent construction and equipment of the locomotive, as well as negligent operation and management. Alabama G. S. R. R. Co. v. Loveman Compress Co., 196 Ala. 683, 72 So. 311.

The evidence, though purely circumstantial, was sufficient to authorize an inference to be drawn by the jury that fire was communicated to the building by sparks emitted from the defendant's locomotive, and under the scintilla rule made a case for jury decision. While there was no direct testimony showing that live sparks from the locomotive fell upon the building, there was some testimony to the effect that on the occasion the locomotive, as it passed plaintiff's barn, emitted large live sparks in unusual quantities, and shortly after the train passed—within 35 minutes—according to some of the witnesses, the roof of the barn was discovered to be on fire; though there was other evidence going to show that immediately thereafter the fire was bursting from the side of the building, and at least tending to show that the fire originated from the inside of the building, which was filled with hay and other inflammable material.

It is a well-recognized exception to the general rule of evidence that a witness must testify to facts and is not to express an

opinion, that "where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if from the nature of a particular fact, better evidence is not attainable, the opinion of a witness derived from observation is admissible." Mayberry v. State, 107 Ala. 64, 18 So. 219; Watson v. State, 217 Ala. 164, 115 So. 101. Under this exception to the general rule, it was permissible to allow the witness Idella Roe, who testified that she observed the train as it passed the place where the fire occurred, 35 minutes before the fire, that she "saw a whole lot of fire sparks coming from out of the engine somewhere, I suppose that was where it was, it was coming from under there from that pipe. * * * I don't know where it was, but I saw the sparks flying from the engine. They were flying towards the barn. I had seen trains and engines come by there before at that same place. * * * The trains I saw going by there practically every day were of the same general character. as this train," to testify that it "looked to me like it was more" sparks than usual from trains coming by that same place. That such evidence was relevant was the effect of the holding in L. & N. R. Co. v. Davis, 200 Ala. 219, 75 So. 977.

■ For like reasons the court did not err in overruling the defendant's motion to exclude the statement of the witness Easter Gunn that the sparks she observed coming from the smoke stack of the locomotive "well they were large sparks."

The scintilla of evidence going to support the plaintiff's case made it necessary to refer the issue of fact thus raised to the jury for decision, and justified the refusal of the affirmative charge. Orman v. Scharnagle, 210 Ala. 381, 98 So. 123; Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

■■ Charge 5 is argumentative and invasive of the province of the jury. Charges 3 and 9 would have confined the jury's consideration to negligence in the operation of the locomotive, and, as we have shown, the issues covered negligence in construction and equipment, and for this reason these charges were properly refused. Southern R. Co. v. Kendall & Co., 14 Ala. App. 242, 69 So. 328.

■ Charge 8 asserts a sound proposition of law, and its refusal was error. Carter v. The State, 103 Ala. 93, 15 So. 893; Hale v. The State, 122 Ala. 85, 26 So. 236; Mitchell v. The State, 129 Ala. 23, 30 So. 348; B. R. L. & P. Co. v. Moore, 148 Ala. 115, 42 So. 1024; B. R. L. & P. Co. v. Humphries, 171 Ala. 291, 54 So. 613; B. R. L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Langhorne v. Simington, 188 Ala. 337, 66 So. 85; Travis v. L. & N. R. Co., 183 Ala. 415, 62 So. 851; Boyett v. Bradley, 211 Ala. 370,

100 So. 647. The criticism that it did not hypothesize a fair and full consideration of the evidence by the jury is hypercritical. This was the jury's duty under the oral charge of the court, and defendant, in drawing the charge, could rightfully assume that such consideration would be given.

Inasmuch as the case must be reversed, we refrain from expressing our judgment as to the weight of the evidence involved in the ruling on the motion for a new trial, in respect to its sufficiency to sustain the verdict.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.