5 So.2d 740

## SNEAD v. STEPHENS.

### 7 Div. 683.

Supreme Court of Alabama.

Dec. 11, 1941.

Reed & Reed, of Centre, for petitioner.

W. J. Tindle, of Fort Payne, opposed.

GARDNER, Chief Justice.

■ At common law, when a written instrument attested by a subscribing witness is offered as evidence, its execution must be proved by such subscribing witness, if he is available and is competent to testify, unless the document is an ancient one which is self-proving. 20 Amer.Jur. § 926; 4 Jones on Evidence, 2d Ed., § 1663; 22 C.J. § 1150; Richmond & Danville Railroad Co. v. Jones, 92 Ala. 218, 9 So. 276.

In most jurisdictions the rigidity of the common law rule has been modified by statute. 4 Jones on Evidence, 2d Ed. §§ 1665 and 1683; 20 Amer.Jur. §§ 923–925.

One of such modifications is illustrated by Section 7663, Code 1923 (Title 7, § 375, Code 1940), which the Court of Appeals holds applicable here. But we cannot agree.

■■ This is not a suit upon the note and mortgage, but a tort action for destruction of a lien. And, however material as a part of plaintiff's proof, we do not think the mortgage can be held as the foundation of the suit within the meaning of this statute. A case illustrating what is the foundation of a suit is that of Garrison v. Glass, 139 Ala. 512, 36 So. 725. Though not pressed upon our attention, yet we have considered the 4th subdivision of § 416, Title 7, Code 1940, modifying the rule "if the paper is only incidentally or collaterally material to the case". Illustrative of a paper only collaterally material to the case is Steiner v. Tranum, 98 Ala. 315, 13 So. 365. But we do not think that a mortgage, which constitutes the necessary link in plaintiff's chain of title and an essential element in the establishment of his right of recovery, can be said to be only incidentally or collaterally material to his case. 4 Jones on Evidence, 2d Ed., p. 3055; Steiner v. Tranum, supra; 22 C. J. 936.

We, therefore, feel constrained to hold the trial court committed reversible error in admitting the mortgage in evidence without proof of its execution by a subscribing witness.

It results that the writ will be granted and the judgment of the Court of Appeals reversed and the cause remanded to that Court to be proceeded with in accordance with the views herein expressed.

Writ granted.

Reversed and Remanded.

All Justices concur, except KNIGHT, J., not sitting.