112 So.2d 218

**Hogan JACKSON**

**v.**

**A. E. ELLER.**

**8 Div. 489.**

Court of Appeals of Alabama.

May 12, 1959.

Claud D. Scruggs and Smith & Moore, Guntersville, for appellant.

Rogers, Howard & Redden, Birmingham, for appellee.

CATES, Judge.

Jackson has appealed from a judgment in an action against him in which a petty jury brought in a general verdict in favor of Eller for $1,000.

In November of 1953, Mr. Jackson employed Mr. Eller to deepen a dug well on Jackson's farm near Rabbit Town in Marshall County. Eller testified that he got in the well, worked about five to ten minutes and was overcome "by what I would say was poison gas." He put a rope around his waist and hollered and someone pulled him out.

Eller lay on the ground for about an hour, then a bystander put him in his car and drove him to Boaz where Eller called on Dr. Marston Hunt.

Dr. Hunt testified Eller was suffering from a shortness of breath and complained of a headache. Based on the symptoms he observed, the history Eller gave him and his study of chemistry, Dr. Hunt suspected the existence of methane also of carbon dioxide. He had Eller go to the laboratory of the Sand Mountain Infirmary in Albertville for tests, but apparently it was too late for the tests to give any clue, either positive or negative, as to exposure to one or both of the gases.

On redirect examination plaintiff's counsel asked Dr. Hunt, based on "his observation of looking at him and the symptoms he had," whether or not "in his opinion the man had been exposed to gas of some nature, methane or carbon dioxide or gases of a similar nature." The answer was, "I believe the symptoms were in line with such exposure."

Eller put Mr. Coy Bean on the stand. Bean had worked for Jackson in October, 1953, digging the well and became sick, briefly losing consciousness and suffering nausea. He told Jackson that day there was gas in the well and asked to be paid off.

Jackson, on cross-examination, admitted he knew of Cate Teal, an employee, getting ill from working in the well.

The case was submitted on Counts IV (negligent failure to warn plaintiff as an invitee), V (wanton injury), VI (negligent failure to advise of danger), and IX (failure to provide a safe place of work).

Jackson's assignments argued in his brief are but two:

*First,* the refusal of the trial judge to give the affirmative charge as to wantonness (Count V).

*Second,* the overruling of the defendant's objection to the following question propounded by the plaintiff to a witness:

"Q. All right. Now, when you went down in the well tell this jury whether or not in your judgment there was any gas in that well?"

Our enquiry here is: Was Jackson only culpable within the meaning of unadorned negligence or must he be assessed as blameworthy to a greater degree? If the evidence only makes out negligence, then Eller has—in the face of the request for the affirmative charge as to the wanton count—underproved his pleadings and the trial judge would then be in error.

As to what is wantonness, the cases are legion. In Universal Concrete Pipe Co. v. Bassett, 130 Ohio St. 567, 200 N.E. 843, 845, 119 A.L.R. 646, we find:

"Wanton misconduct is a veritable Gibraltar against which the storms of excessive damages, passion and prejudice can beat without avail, as no court will attempt to enter a remittitur against a verdict tinctured with punitive damages. Punitive damages should be awarded in a real, genuine, honest-to-goodness wanton misconduct case, but the party who injects the ingredient of wantonness in a case where the facts do not warrant it is playing with fire and may ruin a perfectly good case, if based on ordinary negligence.

"Wantonness is a synonym for what is popularly known as 'cussedness,' and cussedness is a disposition to perversity. * * *"

■ Reckless disregard toward another with respect to a known peril over which one has control is the gist of wanton negligence. See Birmingham Railway & Electric Co. v. Bowers, 110 Ala. 328, 20 So. 345; Couch v. Hutcherson, 243 Ala. 47, 8 So.2d 580, 141 A.L.R. 697.

In Foreman v. Dorsey Trailers, Inc., 256 Ala. 253, 54 So.2d 499, there was under consideration a complaint alleging that Dorsey Trailers wantonly injured Foreman by causing him to perform his work in a paint spray booth which was not safely ventilated. The court held that the employer owed a common-law duty to provide a reasonably safe place of work, and that a breach of this duty gave rise to an action for negligence simpliciter, and the wanton failure to exercise the same care would give rise to a wanton count with respect thereto.

■ If, on the other hand, we look upon Eller as an independent contractor, then, too, the same duty was owing him in his status as an invitee upon Jackson's premises. In view of the evidence of results from which a reasonable inference of some deleterious gas being present in the well could be drawn, as evinced by the prostrations of two persons who had gone into the well, we think that the question of whether or not Jackson's failure to apprise Eller was wanton misconduct is a matter which we cannot say was not for the jury.

■■ As to the second assignment of error, we think that the question as to whether or not there was gas in the well was permissible.

"It is a well-recognized exception to the general rule of evidence that a witness must testify to facts and is not to express an opinion, that 'where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if from the nature of a particular fact, better evidence is not attainable, the opinion of a witness derived from observation is admissible.' Mayberry v. State, 107 Ala. 64, 18 So. 219; Watson v. State,

217 Ala. 164, 115 So. 101. * * *"
Louisville & N. R. Co. v. Steverson,
220 Ala. 158, 124 So. 205, 206.

The judgment herein is due to be

Affirmed.