150 So.2d 179

**James A. POWELL, As Adm'r.**

**v.**

**ATLANTIC COAST LINE RAILROAD CO.**
**et al.**

**6 Div. 512.**

Supreme Court of Alabama.

Oct. 18, 1962.

Rehearing Denied Feb. 28, 1963.

Montgomery L. Preston, Douglas, Ga., and Hare, Wynn & Newell, Birmingham, for appellant.

Peyton D. Bibb and Graham, Bibb, Wingo & Foster, Birmingham, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment for the defendant in an action brought under the wrongful death statute, Sec. 123, Title 7, Code of 1940, by James A. Powell, as Administrator, v. Atlantic Coast Line Railroad Company et al., for the death of Ola Bell Powell, the wife of James A. Powell.

The case was tried on a simple negligence count, which, of course included subsequent negligence. The defendant pleaded the general issue in short by consent, etc.

The evidence disclosed that shortly after midnight, February 5, 1958, the plaintiff's intestate and three other ladies were in an automobile, being driven by a Mrs. Parsons, that collided with an Atlantic Coast Line Railroad train, resulting in the death of Mrs. Powell. The collision occurred at a public grade crossing, on Avenue V, in the western part of the City of Birmingham. The automobile was proceeding south and the train was heading east.

There was conflict in testimony as to whether the train was exceeding the required speed limit, and as to whether the train ran into the automobile or the automobile hit the train.

The principal contention of the plaintiff in the court below was that the defendant was negligent in exceeding the speed limit required by a city ordinance, failing to keep a lookout, and failing to blow the whistle or ring the bell to warn the occupants of the approaching car. The evidence as to these matters is in conflict.

■ The appellant's assignment of error No. 6 is based on the trial court's giving written Charge N, at the request of defendants, which reads as follows:

"Charge No. N. The Court charges the jury that under the provisions of the Code of the City of Birmingham in effect at the time and place of the occurrence complained of the driver of the automobile in which Ola Bell Powell was riding was under the duty to bring such automobile to a stop within twenty feet of and before reaching such railroad track and the Court further charges you than [sic] when the automobile in question came down the street and into view of members of the crew of the train in question they had the right to assume that the driver would obey the law and would so stop, and the Court further charges you that such members of such train crew were under no duty to take any action to slow or stop the train until they became aware that the driver of such automobile was probably not going to obey the law and probably not going to so stop."

Appellant argues that this charge misstates the law and ignores the fact that the train was in the city limits of Birmingham and was under a duty to obey the city ordinance to reduce its speed to 30 miles per hour. Appellant's criticism of the charge overlooks the fact that the charge is expressly predicated upon the condition of affairs existing at the time the train was in the city limits and at the time the automobile in question came into view of the members of the train crew. The charge deals entirely with the conduct required by law of the driver of the automobile and members of the train crew, beginning at the time when the automobile was first seen by any member of the train crew, and the requirements of each thereafter.

Predicated on such facts, the charge states a correct principle of law. South-ern Railway Co. v. Hughes, 267 Ala. 418, 103 So.2d 324; Hurt v. Southern Ry. Co., 205 Ala. 179, 87 So. 533; Fayet v. St. Louis & S. F. R. Co., 203 Ala. 3, 81 So. 671. The charge in no way expresses or implies that the train crew was under no duty to reduce the train's speed to within the 30 mile per hour speed limit. It deals with the duty of the train crew, when the train is within the city limits and is approaching a crossing, and where there is an automobile in view also approaching the crossing. The effect of the excessive speed of the train, if it were, in fact, exceeding the speed limit, was not ignored by the court, and it was covered in defendant's given Charge Z and in the court's oral charge. At most, the charge could only be criticized as being misleading, and this misleading tendency, if such there was, could have been cured by an explanatory charge. Mobile City Lines v. Orr, 253 Ala. 528, 45 So.2d 766; Brown v. Standard Casket Mfg. Co., 234 Ala. 512, 175 So. 358; Alabama Power Co. v. McIntosh, 219 Ala. 546, 122 So. 677.

■ Assignment of error No. 2 is based on the giving of defendant's requested Charge No. 12, which reads as follows:

"12. The Court charges the jury that if any one of your number is not reasonably satisfied from the evidence that the plaintiff is entitled to recover a verdict against the defendant, Atlantic Coast Line Railroad Company, then you cannot return a verdict in favor of the plaintiff and against the defendant, Atlantic Coast Line Railroad Company."

The argument is that Charge 12 misplaces the burden of proof as set out in Sec. 173, Title 48, Code of 1940, which Code section, in substance, places the burden of proof upon the railroad, and cites the case of Western Ry. of Alabama v. Price, 192 Ala. 430, 68 So. 278, as authority.

There is no charge in the last-cited case similar to Charge 12 now under consideration. The charge in the Western Ry. case, supra, expressly stated that the burden of proof was on the plaintiff and not on the railroad. Charge 12, here in question, deals only with the requirement that the verdict of the jury must be unanimous. Charge 12 correctly states the law and was properly given. Bankers' Mortgage Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456; Louisville & Nashville R. Co. v. Steverson, 220 Ala. 158, 124 So. 205.

■ Assignment of error No. 5 is based on the giving of Charge M at the written request of the appellees. The charge is as follows:

"Charge No. M. The Court charges the jury that Section 1317 of the City Code of the City of Birmingham, which was in effect at the time and place of the occurrence complained of, provides:

" 'Section 1317. It shall be unlawful for any driver or operator of a vehicle to cause or suffer such vehicle to enter upon or cross any railroad tracks in the city unless he shall have first brought such vehicle to a complete stop within twenty feet of such railroad tracks.'

"And the Court further charges you that the persons on the engine of the train in question as it approached the crossing in question had the right to assume that the driver of the automobile Ola Bell Powell was riding in would obey such ordinance of the City of Birmingham and bring such automobile to a stop before entering upon or undertaking to cross such tracks."

Appellant argues that the charge is bad for not stating further that the assumption by the train crew that the automobile would not stop ends when it becomes apparent to the train crew that the driver is not going to stop. This omission, however, was covered in the next Charge N,

treated above. Charge M was possibly misleading; but we will not reverse the judgment for this reason, as no doubt its misleading tendency could have been cured by an explanatory charge which was not requested. Moore v. Nashville C. & St. L. Ry., 137 Ala. 495, 34 So. 617; Klein v. Harris, 268 Ala. 540, 108 So.2d 425.

■ Assignment of error 13 is predicated on the trial court's sustaining the objection to the following question put to the witness Bartlett [who was the conductor of the train]:

"Q. Mr. Bartlett in your judgment, at that time—in your judgment now, based on your opinion as a railroad man would it at that time have taken approximately 900 feet to stop that train by using all means at the engineer's command? Do you have an opinion based on that?"

Appellant argues that Bartlett was an expert on such matters as inquired about and that he should have been allowed to answer the question. The information sought by this question had been substantially brought out in other testimony. Moreover, this court has ruled that expert testimony or the opinion of expert witnesses is addressed to the sound discretion of the trial court, and whose decisions on such matters will not be disturbed on appeal except for palpable abuse. Kirby v. Brooks, 215 Ala. 507, 111 So. 235; Johnson v. Battles, 255 Ala. 624, 52 So.2d 702; Southern Metal Treating Co. v. Goodner, 217 Ala. 510, 125 So.2d 268.

We are unwilling to reverse this case by saying that the trial court abused its discretion.

■ The appellant also claims that the court erred in sustaining the objection of defendant to the following question put to the witness George Derico:

"Q. Did you keep a lookout from which you could see the crossing

at a distance within which the train could stop?"

Immediately following the sustaining of this objection, the witness Derico testified that he was keeping a lookout and that he gave the alarm upon realizing the danger to the approaching automobile. There was no reversible error in excluding the testimony. Supreme Court Rule 45; Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 82 So. 534.

■ Appellant also contends that the court erred in overruling plaintiff's objection to the following question put to the witness Holland:

"Q. Did any of the people you asked who were there tell you they did see the accident?

"MR. HARE: We object to that as hearsay.

"THE COURT: Overrule.

"MR. HARE: We except.

"A. Yes, sir.

"Q. Who did tell you they saw the accident?

"MR. HARE: We object to hearsay from other people.

"THE COURT: Overrule.

"MR. HARE: We except.

"A. Mr. Arthur Lewis Long."

Appellant argues that these questions were asked to inject doubt as to whether plaintiff's witnesses were witnesses to the collision as they claimed to be.

The substance of this testimony sought to be elicited by these questions had already been brought out from other witnesses. There was no prejudice to the plaintiff. Rule 45, Supreme Court.

■ Appellant also insists that the court erred in not admitting plaintiff's Exhibit 20, which was a report of the Department of Toxicology of Alabama of the analysis of the specimen of blood from the driver, Mrs. Christine Parsons, which revealed a negative test for alcohol. There was no attempt whatever to show that this was a true and correct report, nor to authenticate said report or finding. Exhibit 20, not being a self-proving document nor authenticated, it was properly excluded. Creel v. Audubon Ins. Co., La.App., 128 So.2d 284; Snead v. Stephens, 242 Ala. 76, 5 So.2d 740; Edmunds v. State, 203 Ala. 349, 83 So. 93, and cases therein cited; Kay-Noojin Development Co. v. Kinzer, 259 Ala. 49, 65 So.2d 510.

Assignments of error 21 and 22 are predicated upon an alleged exception to portions of the court's oral charge. The record discloses the following:

"THE COURT: Gentlemen, that concludes the reading of the charges. Do you care to take any exceptions to the Court's oral charge? The plaintiff have any exceptions or something you want that the Court has not covered?

"MR. HARE: Yes, sir.

"THE COURT: You want to take exception to any part of the Court's oral charge?

"MR. HARE: I except to submitting the question of contributory negligence at all.

"THE COURT: I understand."

The only portions of the oral charge questioned in brief are those contained in assignments of error 21 and 22, which are as follows:

"21. But there is a duty on anyone, whether he be guest or passenger, at all times to exercise reasonable care for his or her own safety.

"22. There is a continuous duty upon anyone in crossing a railroad track to look and to see that a crossing can be made safely."

■ As to assignment of error 21, there was no error in giving that part of

the oral charge set out. It correctly states the law, and there is a duty upon a passenger to exercise reasonable care for his or her own safety. Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168; Walker v. Bowling, 261 Ala. 46, 72 So.2d 841; Johnson v. Battles, 255 Ala. 624, 52 So.2d 702.

■ Neither do we think that portion of the oral charge set out in assignment of error 22 is grounds for reversal. Appellant has taken a part of the oral charge and isolated it and put much emphasis on the word "anyone," and argues that the charge states that it is a continuing duty on a passenger in an automobile in crossing a railroad to keep a lookout. True, there is no such duty on a passenger. Iverson v. Phillips, supra. But the charge in question does not say this, or have such connotation. The charge stated that there was a city ordinance requiring the driver upon entering a railroad crossing to stop within 20 feet of the tracks, and the court stated:

"* * * In addition to that city ordinance the law requires a person either driving an automobile or as a pedestrian to stop, look, and to listen before crossing a track of a railroad and the crossing should be made with the use of the senses of hearing and sight and there is a continuous duty upon anyone in crossing a railroad track to look and to see that a crossing can be made safely."

The charge, read as a whole, conveys to the jury that it is a driver or pedestrian who is under duty to continuously keep a lookout, and not the duty of a passenger. Taken in context with the whole of the charge, "anyone" appears to mean "anyone driving or walking" is under a duty to keep a lookout upon entering a railroad crossing. There is nothing in the charge which implies that the negligence of the driver is imputable to the passenger. There was no error in giving this charge. Moreover, we do not think the record discloses an adequate exception reserved. Sullivan v. Miller, 224 Ala. 395, 140 So. 606; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So. 2d 472.

■ Appellant argues that the court erred in refusing the following written requested charge to the plaintiff:

"If you are reasonably satisfied from the evidence in this case that Mrs. Powell, now deceased, was riding as a passenger in an automobile over which she had no control and that Mrs. Parsons was driving the car, then any negligence on the part of Mrs. Parsons, if there was any, would not be a defense in this case."

The subject matter of this requested charge was covered by the plaintiff's written Charge No. 1 and in the court's oral charge to the jury. There was no error in refusing this charge.

■ Appellant contends that the court erred in not granting a new trial on the ground that the verdict was contrary to the evidence.

We have examined the evidence in this case, and although conflicting, there was sufficient evidence to support the verdict and judgment. It needs no citation of authority to support the rule that this court will not reverse the judgment denying a new trial unless it is clearly convinced that the weight of the evidence is clearly and decidedly against the verdict and that the verdict is manifestly wrong and unjust.

■ We have repeatedly held that where a trial court refuses to grant a new trial on the ground that the verdict is contrary to the weight of the evidence, the presumption in favor of the correctness of the verdict is strengthened. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; 2 A.Ala.Dig., Appeal & Error, ⊜930(1).

We have treated all of the assignments of error argued in brief and find no error

to reverse. The judgment is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.